LILES, Judge.
Willie .Chester Green was found guilty by a jury of assault with intent to commit murder in the first degree. This is the second time this case has been before this court and the facts are adequately set out in Green v. State, Fla.App.1969, 228 So.2d 397, cert. den. Fla. 1970, 237 So.2d 540. ,*. . , , , We see no reason to elaborate on that set 0f facts.
Appellant in this appeal assigns as error the trial court’s failure to give a charge on justifiable or excusable homicide. We believe the court cannot properly define manslaughter without explaining what justifiable or excusable homicide would be.. Hedges v. State, Fla. 1965, 172 So.2d 824; Wilson v. State, Fla.App. 1965, 171 So.2d 903; Brown v. State, Fla.1960, 124 So.2d 481. In Hedges, supra, 172 So.2d at page 826, the court said:
“In Graives v. State, 127 Fla. 182, 172 So. 716, a manslaughter case, we held that it is the duty of the judge to instruct on justifiable and excusable homicide. In Halfrich v. State, 122 Fla. 375, 165 So. 285, we held that it is always proper to instruct on justifiable and excusable homicide when defining manslaughter as a degree of unlawful homicide. The reason given was to enable the jury to understand the definition of manslaughter.”
Appellant also assigns as error the fact that the court increased the sentence in the second trial to run consecutively with a prior twenty year sentence on another charge. In view of our holding as regards the first point, it is unnecessary to make a determination as to the increase in sentence except to say that North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, must be followed in sentencing in the event appellant is again convicted.
For the foregoing reasons this cause is remanded with directions that defendant be granted a new trial.
PIERCE, C. J., and HOBSON, J., concur.