276 So.2d 223 (1973)
Ellis HANCOCK, Appellant,
v.
STATE of Florida, Appellee.
No. Q-450.
District Court of Appeal of Florida, First District.
April 24, 1973.
*224 Richard W. Ervin, III, Public Defender, and William C. Owen, Special Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of a judgment of guilty of assault with intent to commit murder and possession of a firearm while engaged in a criminal offense.
The incident giving rise to the charge involved a family argument originating between one Rudolph Porter and his wife. Porter, brandishing a shotgun, began threatening to kill his wife and her family. Mrs. Porter's brother grabbed the gun and the two began struggling over its possession. During the struggle Mr. Porter called upon his uncle, Ellis Hancock, the appellant, to "kill all of them". Appellant began firing a pistol and three bullets struck Mrs. Porter's brother, Willie Mills. At approximately the same time, the shotgun discharged, fatally wounding Rudolph Porter.
Appellant contends, inter alia, that the trial court erred in refusing to instruct the jury on the law pertaining to the defense of others.
An analogous question was decided by the Second District Court of Appeal in Green v. State, 244 So.2d 167 (Fla.App. 1971). The court held in Green that the trial court in a prosecution for assault with intent to commit murder was required to explain justifiable or excusable homicide in defining manslaughter as a degree of unlawful homicide. The court in Green cited Hedges v. State, 172 So.2d 824 (Fla. 1965), which also held that:
"... in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions... ."
*225 Moreover, since an instruction on justifiable or excusable homicide is required in defining manslaughter, logic requires that such an instruction should have been given in the case at bar considering the facts in issue, except for the reason stated later in this opinion. If the victim had died as a result of his gunshot wounds, appellant would have been entitled to an instruction on justifiable homicide in accordance with the case law of this state as expressed in Green, supra. How, then, can it be argued as contended by the state that appellant is not entitled to that instruction simply because he did not kill the person who was attacking his nephew? Whether a homicide resulted from appellant's effort to defend his nephew or that the assailant was merely wounded during appellant's defensive effort is immaterial. Since one is justified in using such force as is deemed reasonably necessary to defend his relatives from a felony, he ought not be placed in a less favorable position before the jury because he merely assaulted the aggressor to thwart the commission of the felonious assault than he would occupy had he killed the aggressor, as he is permitted to do by Section 782.02, Florida Statutes, F.S.A. We hasten to add that it is up to the jury to determine whether in fact the defendant's conduct was in defense of his nephew against a felonious assault or whether defendant was engaged in the affray as a co-combatant with his nephew against the "inlaws".
The evidence in the case at bar is in conflict as to whether appellant shot the brother of his nephew's wife in defense of his nephew or whether he shot him as a coaggressor or co-combatant in partnership with his nephew.
Since the jury could have found, based on the evidence adduced by the state, that appellant acted in defense of his nephew, appellant would have been entitled to the requested instruction.
However, while appellant would have been entitled to the requested instruction on the basis of the facts and inferences adducible from the state's evidence, that entitlement was negated when the defendant took the stand and testified that he shot Willie Mills in self-defense after he had already observed his nephew lying on the street from the shotgun wound. He stated that Willie came after him with the shotgun and that he got the pistol out because he feared that Willie was going to shoot him.
Having negated the defense upon which he predicates his entitlement to the requested instruction by his own testimony, appellant can hardly be heard to say that it was error not to instruct the jury on a defense theory that was negated by his own testimony.
Affirmed.
RAWLS and JOHNSON, JJ., concur.