317 So.2d 454 (1975)
Julius W. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-472.
District Court of Appeal of Florida, Fourth District.
August 29, 1975.
Richard L. Jorandby, Public Defender, Kenneth J. Scherer, Chief, Appellate Div., and Richard Lubin, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
*455 DOWNEY, Judge.
Once again we have for review the failure of the trial court in reinstructing the jury on the degrees of homicide to include excusable and justifiable homicide.
Appellant was charged with second degree murder. The trial court properly instructed the jury on the various degrees of unlawful homicide and on excusable and justifiable homicide. After deliberating for some time the jury requested the court furnish them with "a description of the degrees in writing that we could look at." The court thereupon asked if they wanted him to reinstruct them on excusable and justifiable homicide, to which the foreman answered "no, sir." The court then reinstructed the jury as they had requested and the jury retired. Counsel for the appellant immediately objected to the court's failure to reinstruct on excusable and justifiable homicide and requested the court to do so and to re-read the entire instruction. In denying that request the trial judge stated:
"... I specifically asked if they wanted to know more about the attempt and they said they did not want to know them; they did not want to know about what homicide is; they did not want to know what justifiable or excusable homicide is or any attempted and, therefore, I did exactly what they asked for and I made it within that limit and told them exactly what it was and no more."
The appellee relies upon Hysler v. State, 85 Fla. 153, 95 So. 573 (1923), to support the trial court's action, but we feel that reliance is misplaced. Hysler held that when the jury requests that certain portions of the court's charge be re-read to them it is not necessary that the court re-read the entire charge to the jury. That rule was reaffirmed by the Supreme Court in Hedges v. State, Fla. 1965, 172 So.2d 824. But in reaffirming the rule the Hedges court pointed out: "However, the repeated charge should be complete on the subject involved." 172 So.2d at 826. That opinion makes it crystal clear that failure to reinstruct on excusable and justifiable homicide leaves the jury with an incomplete and potentially misleading instruction. Numerous convictions of late have been reversed for failure to follow that rule.
As usual every new case seems to have a "new wrinkle" and this one is no exception. Sub judice the trial judge asked the jury if they wanted to be reinstructed on excusable and justifiable homicide and they declined. Which seems to bring us to the question: can the trial court reinstruct the jury inadequately on a subject because the jury indicates an interest in only some limited phase of the subject in question? We think not. The entire subject of jury instructions is difficult at best. Some seriously question their efficacy in any event. Be that as it may, the jury is hardly in a position to discern many of the fine distinctions involved in the law to be applied without guidance from the court. Thus, great care must be exercised in giving jury instructions so the jury may obtain the whole picture of a particular subject. Therefore, in instructing and in reinstructing on manslaughter, it is essential to instruct on excusable and justifiable homicide to enable the jury to understand the definition of manslaughter. Hedges v. State, supra; Halfrich v. State, 122 Fla. 375, 165 So. 285 (1936).
It is distasteful to us to fault a trial judge for doing precisely what the jury requested of him, but under the law as it exists we see no other alternative. It is of no little significance that the appellant's defense in the trial court was that the homicide was either excusable or justifiable.
Since a new trial of this case is required we deem it advisable to mention several of appellant's other points on appeal.
Appellant assigns as error the failure of the trial court to exclude the taped telephone call made by appellant to the police station to report that he had killed his *456 wife. But this was a noncustodial conversation expressly excluded from the Miranda rule by the Miranda case itself:
"The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess a crime, or a person who calls the police to offer a confession or any other statement he desires to make." Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966).
Combining appellant's other two points for the sake of brevity, suffice it to say that neither demonstrates error.
Reversed and remanded for a new trial.
OWEN and MAGER, JJ., concur.