338 So.2d 1309 (1976)
Edward Gene ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1317.
District Court of Appeal of Florida, Fourth District.
November 5, 1976.
*1310 Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Margarita Esquiroz, Asst. Atty. Gen., and Gary M. Rose, Legal Intern, Miami, for appellee.
DOWNEY, Judge.
Appellant was charged with second degree murder and convicted of manslaughter. On appeal he contends the trial court erred by: (1) denying his motion for acquittal since the evidence demonstrated that appellant had shot the victim in self defense; (2) refusing to instruct the jury on certain attempts, excusable homicide, and several lesser included offenses; and (3) admitting into evidence a photograph of the victim that was so inflammatory it unduly prejudiced the jury against appellant.
We have considered appellant's foregoing arguments and find contentions (1) and (3) to be without merit. However, we find merit in part of ground number (2) and reverse for a new trial.
After an argument in a bar, appellant and the victim left the premises. Later the victim returned in a car and parked in front of the bar with a shotgun protruding from the window of the passenger's side of the car. Appellant eventually came around the corner of the building, armed with a rifle, and saw the victim sitting in the car with the shotgun protruding from the window. From his vantage point at the corner of the building, appellant shot and killed the victim, allegedly in self-defense.
The trial court instructed the jury on second degree murder, attempted second degree murder, manslaughter, and justifiable homicide. Appellant requested the court to charge the jury additionally on third degree murder; attempted third degree murder; attempted manslaughter; assault with intent to commit murder in the second degree, third degree, and manslaughter; and on excusable homicide. The trial court denied the request.
It appears to us that the trial court erred, though not reversible, in not giving the requested charge on third degree murder. In Brown v. State, 206 So.2d 377 (Fla. 1968), the Supreme Court laid down the rule controlling instruction on degrees of a crime which rule has been consistently followed to the present time. Therein the court stated:
"Section 919.14 [the predecessor of Fla.R. Crim.P. 3.490], applies only to those crimes which are divided into degrees, e.g., unlawful homicide (Fla. Stat. §§ 782.04, 782.06, F.S.A.), and arson (Fla. Stat. §§ 806.01-806.04, F.S.A.). If an accused is charged with the highest degree of such a crime, the court should charge the jury on all lesser degrees. In this category it is immaterial whether the indictment specifically charges the lesser degrees or whether there is any evidence of a crime of such degree. Killen v. State, *1311 92 So.2d 825 (Fla. 1957); Brown v. State, 124 So.2d 481 (Fla. 1960). The court must instruct on the lesser degrees simply because § 919.14 clearly requires it, and not because such degrees are necessarily included lessr offenses. In many cases the elements of the lesser degrees are totally distinct from the offense charged. See e.g., Clemmons v. State, 43 Fla. 200, 30 So. 699 (1901). If the evidence is sufficient to support a verdict of guilty of the offense charged, the jury has the power, under § 919.14 to find the accused guilty of a lesser degree of the offense regardless of the lack of evidence as to such degree. Killen v. State, supra; Hodella v. State, 158 Fla. 94, 27 So.2d 674 (1946). Under the statute, the trial judge should, and if requested must, instruct on all lesser degrees of the offense, if the case is allowed to go to the jury for a determination of guilt or innocence on the offense charged. Brown v. State, 124 So.2d 481 (Fla. 1960)." 206 So.2d at 381.
This error is not reversible in this case because the jury found appellant guilty of manslaughter, a crime that carries the same punishment as third degree murder. We mention it only for the benefit of the trial court on retrial of this case.
We find no error in the trial court's refusal to give the requested instruction on attempted third degree murder and attempted manslaughter.[1] The information in this case charged appellant with second degree murder. Thus, when the case was submitted to the jury on that charge, Fla.R. Crim.P. 3.510 required the court to instruct the jury on attempted second degree murder. But that rule does not require the court to instruct the jury on (a) attempts to commit all offenses that are of a lesser degree than second degree murder, or (b) attempts to commit lesser offenses included in second degree murder.
Rule 3.510, Fla.R.Crim.P., provides that:
"Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
On this point Brown, supra, says:
"(2) ATTEMPTS. Under § 919.16 [the predecessor of Fla.R.Crim.P. 3.510], a jury is empowered to convict a defendant of an attempt to commit the offense charged in the accusatory pleading, * *
"Section 919.16, simply requires that in every case, the trial judge must determine as a matter of law whether an attempt to commit the crime charged would itself constitute an offense under Florida law. If he determines that it does, ... then he must instruct the jury on the subject of such attempt...." (Emphasis added.) 206 So.2d at 381.
We therefore conclude that Fla.R.Crim.P. 3.510 requires the court to instruct the jury on attempts to commit the offense expressly charged in the indictment or information but not on attempts to commit offenses of a lesser degree than the offense charged, nor on attempts to commit lesser offenses included in the offense charged, if neither sort of attempt is expressly set forth in the accusatory pleading. Cf. Settle v. State, 288 So.2d 511 (Fla.2d DCA 1974), wherein the court held that Fla.R.Crim.P. 3.390(a), which requires the trial court to inform the jury of the penalty fixed by law for the offense upon which the accused is then on trial, does not obligate the court to inform the jury of the punishment for each of the offenses included in the offense charged.
Next, we reject the suggestion of error emanating from the trial court's refusal to instruct on assault with intent to commit second and third degree murder and *1312 assault with intent to commit manslaughter. Those offenses are Brown Category 4 offenses (see 206 So.2d at 383). Here, neither the allegations of the information nor the evidence adduced at trial required such instructions.
This brings us to the reversible error committed in the trial of this case. The charge against appellant was second degree murder. The trial court instructed the jury, among other things, on manslaughter and justifiable homicide; but it refused to instruct them on excusable homicide. The state contends that the refusal was proper because appellant's defense was justifiable homicide based on self defense, so the defense of excusable homicide did not apply to this case, and an instruction on excusable homicide was therefore unnecessary. We think this reasoning misses the mark.
We know from Brown, supra, that in instructing the jury in a homicide case the court must instruct on the offense charged and on all offenses that are lesser in degree than the offense charged in the accusatory pleading "regardless of the lack of evidence as to such degree." 206 So.2d at p. 381. Clearly, if the court is mandated to instruct the jury on a certain point, it must do so properly. Therefore, since the trial court was required in this case to instruct the jury on manslaughter, it was required to define manslaughter.
As the Supreme Court stated in Hedges v. State, 172 So.2d 824, 826 (Fla. 1965), a trial court cannot define manslaughter without also defining justifiable and excusable homicide:
"One notes immediately that it [manslaughter] is in the nature of a residual offense. If a homicide is either justifiable or excusable it cannot be manslaughter. Consequently, in any given situation, if an act results in a homicide that is either justifiable or excusable as defined by statute, a not guilty verdict necessarily ensures. The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions."
In a similar vein, this court stated in Jackson v. State, 317 So.2d 454, 455 (Fla.4th DCA 1975):
"Thus, great care must be exercised in giving jury instructions so the jury may obtain the whole picture of a particular subject. Therefore, in instructing and in reinstructing on manslaughter, it is essential to instruct on excusable and justifiable homicide to enable the jury to understand the definition of manslaughter."
Another case which speaks to this point is Whitehead v. State, 245 So.2d 94 (Fla.2d DCA 1971). There the trial court had charged the jury on manslaughter and excusable homicide, but it had omitted part of the definition of justifiable homicide. The appellate court recognized that the omitted part of the justifiable homicide instruction was relevant to the evidence adduced. But it went on to point out:
"for our purposes here in deciding whether it is necessary to charge on the omitted subsection, it must be kept in mind that such a charge is necessary not because it may be required to cover evidence supporting it but rather because it defines a material portion of the offense charged. In this context it isn't necessary that it be predicated upon admitted evidence; it is appropriate, indeed mandatory, otherwise." 245 So.2d at 99.
See also Clark v. State, 301 So.2d 456 (Fla.3d DCA 1974).
We have not overlooked Hancock v. State, 276 So.2d 223 (Fla.1st DCA 1973). The court there recognized that an instruction on justifiable and excusable homicide is required in defining manslaughter; but it held that the trial court's refusal to instruct on justifiable homicide was not reversible error because the defendant's own testimony negated that defense. The state's argument for a Hancock result is compelling, but as long as we labor under a rule which requires that the jury be instructed on all offenses of a degree lower than the offense charged whether or not there is evidence to support such instructions, it seems to us the jury must be properly instructed on the *1313 nature of the offenses of a lower degree. And it does not suffice to say: well, no prejudice accrued to the defendant, because there was no evidence to support the omitted instruction. For this reason we respectfully disagree with the Hancock case.
In view of the foregoing we hold that the failure to grant the appellant's request for an instruction on excusable homicide was reversible error. Accordingly, the judgment and sentence appealed from are reversed, and the cause is remanded for a new trial.
CROSS, J., and WEAVER, SIDNEY M., Associate Judge, concur.
NOTES
[1] We express serious doubt as to whether there is such a crime as attempted manslaughter. The definition of "manslaughter" suggests that "attempted manslaughter" is an absurdity. However, for the reasons set forth below, we need not pass on that question.