359 So.2d 929 (1978)
Gregory P. POUK, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1670.
District Court of Appeal of Florida, Second District.
June 21, 1978.
Jack O. Johnson, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The only point raised by appellant in this appeal which has merit is whether, as appellant contends, the trial court erred in failing to give his requested instruction on justifiable homicide. We agree with his contention and reverse.
The state of Florida charged appellant Gregory P. Pouk with second-degree murder in violation of Section 782.04(2), Florida Statutes. He pled not guilty, and after trial a jury found him guilty as charged. The trial judge sentenced appellant to serve five years in prison and suspended the last two years placing appellant on probation for that time.
The Supreme Court of Florida has held that when a trial court gives an instruction on manslaughter, as the court did here, it must also give an instruction on justifiable homicide and excusable homicide. Hedges v. State, 172 So.2d 824 (Fla. 1965); see, also, Whitehead v. State, 245 So.2d 94 (Fla. 2d *930 DCA 1971); Green v. State, 244 So.2d 167 (Fla. 3d DCA 1971). This is so even where there is no evidence to support a finding of justifiable or excusable homicide because manslaughter cannot be adequately defined without such an instruction. Hedges v. State, supra.
The state contends that appellant did not request a justifiable homicide instruction. We have reviewed the record and find that it does not support the state's argument. Accordingly, we remand the case for a new trial.
REVERSED and REMANDED.
BOARDMAN, C.J., and OTT and DANAHY, JJ., concur.