427 So.2d 785 (1983)
Charles BLITCH, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2443.
District Court of Appeal of Florida, Second District.
March 2, 1983.
*786 Sherman M. Brod, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Charles Wayne Blitch appeals an order adjudicating him guilty of second degree murder in accordance with a jury verdict and sentencing him to fifteen years imprisonment. We reverse and remand for a new trial because of the manner in which the trial court instructed the jury on the defense of excusable homicide.
The state charged appellant with the second degree murder of one Ira Scott, Jr., with a shotgun. At trial, the evidence clearly revealed that appellant killed Scott with a single shotgun blast. However, the evidence was in conflict as to whether appellant shot Scott accidentally or intentionally. Also, the evidence was in dispute as to appellant's state of mind when he pulled the trigger.
At the charge conference after the close of all the evidence, appellant's trial counsel requested the court to read parts 1 and 2 of the 3-part standard jury instruction on the defense of excusable homicide. The 3-part standard jury instruction on excusable homicide provides:

 An issue in this case is whether the killing of [Scott] was
 excusable.
 The killing of a human being is excusable if committed by
 accident and misfortune.
 In order to find the killing was committed by accident and
 misfortune, you must find the defendant was:
Give 1, 2 1. a. doing a lawful act by lawful meansand with usual care
or 3 as and
applicable
 b. acting without any unlawful intent.
 2. in the heat of passion brought on by a sudden provocation
 sufficient to produce in the mind of an ordinary person
 the highest degree of anger, rage or resentment that is
 so intense as to overcome the use of ordinary judgment,
 thereby rendering a normal person incapable of
 reflection.
 3. engaged in sudden combat. However, if a dangerous weapon
 was used in the combat or the killing was done in a cruel
 or unusual manner, the killing is not excusable.

The court expressly agreed with appellant's trial counsel that parts 1 and 2 applied to the case, but after closing arguments it failed to instruct the jury as promised. Instead, it read the introductory excusable homicide instruction, which is practically verbatim to the excusable homicide statute:
The killing of a human being is excusable and, therefore, lawful when committed by accident and misfortune, in doing any lawful act by lawful means with usual, ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion upon any sudden and sufficient provocation or upon a sudden combat, without any dangerous weapon being used, and not done in a cruel or unusual manner.
At the conclusion of all the instructions, appellant's trial counsel advised the court that it had not read parts 1 and 2 of the standard jury excusable homicide instruction as agreed. The court, however, denied his renewed request for instructions on these two parts, surmising that its summary instruction was "sufficient."
*787 Appellant contends on appeal that the trial court's summary instruction on excusable homicide amounted to reversible error because he thinks in part that the instruction may have misled the jury. We agree.
In light of the sobering observation that, "[p]articularly in a criminal trial, the judge's last word is apt to be the decisive word," Bollenbach v. United States, 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350, 354 (1946), a judge's instruction on a theory of defense should not be equivocal, incomplete or confusing.
As appellant contends, the trial court's introductory instruction on the defense of excusable homicide may very well have been inherently misleading, because it appeared to inaccurately suggest that a killing can never be excusable if committed with a dangerous weapon. To explain, the jury could have easily misconstrued the instruction in the following manner:
The killing of a human being is excusable, and, therefore, lawful
[1] when committed by accident or misfortune, in doing any lawful act by lawful means with usual, ordinary caution and without any unlawful intent,
[2] or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation or upon any sudden combat,
without any dangerous weapon being used, and not done in a cruel or unusual manner.
Under such a plausible misconstruction, the jury would have readily reached the improper conclusion that the excusable homicide defense was not available to appellant since he killed Scott with a shotgun.
A reading of parts 1 and 2 of the complete standard jury instruction on excusable homicide, as requested by appellant's trial counsel and as promised by the court, would have effectively prevented the possibility of any confusion on the jury's part as to whether the excusable homicide defense is available to one who kills a person with a dangerous weapon.[1]
We are aware, of course, that the jury may not have been naively misled by the instruction given. However, we refuse to sustain appellant's conviction on such a fragile assumption.
Appellant raises several other points on appeal which we need not address in light of our decision.
Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] Even a reading of part 3 of the complete instruction, along with parts 1 and 2, would have sufficed in this case. Part 3 of the complete instruction unequivocally shows that, where one kills someone with a dangerous weapon, the excusable homicide defense is unavailable to him only if he had been engaged in sudden combat with the victim. (Here, appellant was not engaged in sudden combat with Scott when he shot him.)