449 So.2d 983 (1984)
Ronnie DELAFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2002.
District Court of Appeal of Florida, Second District.
May 11, 1984.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Ronnie Delaford, seeks review of his conviction of manslaughter. We reverse.
*984 The trial judge instructed the jury on second degree murder, manslaughter and justifiable homicide. During a bench conference, defense counsel requested an instruction on excusable homicide. After the jury instructions were given, defense counsel objected to the court's failure to give an instruction on excusable homicide. The court stated that the request for the excusable homicide instruction was denied because there was no evidence of any excusable homicide.
On appeal, appellant argues that when an instruction is given for manslaughter, it is reversible error for the trial court to refuse to give a requested jury instruction on excusable homicide. We agree.
Manslaughter is a residual offense which excludes justifiable and excusable homicide. § 782.07, Fla. Stat. (1981); Hedges v. State, 172 So.2d 824 (Fla. 1965). In Pouk v. State, 359 So.2d 929 (Fla. 2d DCA 1978), this court ruled that the instruction on justifiable and excusable homicide must be given "even where there is no evidence to support a finding of justifiable or excusable homicide because manslaughter cannot be adequately defined without such an instruction." Id. at 930.
Appellee argued that subsequent to Pouk, Florida Rule of Criminal Procedure 3.490 was changed, making it reversible error to give an instruction on a lesser included offense which is not supported by the evidence. Here, appellee contends there is no evidence to support excusable homicide.
Excusable homicide is not a lesser included offense, so Rule of Criminal Procedure 3.490 does not apply in this case. Therefore, the enactment of that rule does not change the law as enunciated in Hedges and Pouk.
For the reasons expressed above, we reverse the trial court and remand for a new trial.
SCHOONOVER and LEHAN, JJ., concur.