451 So.2d 539 (1984)
Sharon M. NIBLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1268.
District Court of Appeal of Florida, Second District.
June 20, 1984.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant Sharon M. Niblack contends that the trial court erred in failing to provide a complete reinstruction on manslaughter during her jury trial for murder in the second degree. We agree and, therefore, reverse and remand for a new trial.
The record reflects that the jury interrupted its deliberations to request "clarification of the difference between second-degree murder and manslaughter." The trial judge, who initially had instructed on second degree murder, manslaughter under section 782.11, and justifiable homicide, repeated his instruction on second degree murder and manslaughter but did not reinstruct on justifiable homicide. Defense counsel raised a timely objection to the omission of "any explanation of justification, any explanation of defense."
As the supreme court's holding in Hedges v. State, 172 So.2d 824 (Fla. 1965), makes clear, the trial court must instruct on justifiable and excusable homicide in order to provide a complete definition of manslaughter, which is a residual offense. See § 782.07, Fla. Stat. (1981); Cobb v. State, 376 So.2d 230, 231 (Fla. 1979) (homicide committed while resisting another's unlawful act is punishable under section 782.11 only if not excusable or not justifiable). Under this court's holding in Pouk v. State, 359 So.2d 929, 930 (Fla.2d DCA 1978), both instructions must be given "even where there is no evidence to support a finding of justifiable or excusable *540 homicide because manslaughter cannot be adequately defined without such an instruction." Accord Delaford v. State, 449 So.2d 983 (Fla. 2d DCA 1984).
In the instant case, appellant objected to the trial court's failure to reinstruct on justifiable homicide; thus, this issue has been preserved for appellate review. See Castor v. State, 365 So.2d 701, 704 (Fla. 1978) (timely and explicit objection necessary to preserve alleged reinstruction error for appellate review). Accordingly, we reverse Niblack's conviction for second degree murder on this basis and remand for a new trial.
Appellant has not provided us with a transcript of the charge conference, and, consequently, we cannot determine why the trial court did not instruct on excusable homicide in even its initial manslaughter instruction. Defense counsel's limited objection to the court's reinstruction suggests, however, that counsel acquiesced in the omission. In any event, appellant raises no complaint concerning the initial instruction, and we feel confident that a complete manslaughter instruction will be given upon retrial.
For purposes of retrial, we note that appellant's contention concerning the inadmissibility of Michelle Mobley's testimony, in its present posture, is well taken. We trust that the state will follow the applicable rules of evidence before attempting to introduce Ms. Mobley's testimony again.
We have considered appellant's remaining point on appeal and have found it to be without merit.
REVERSED and REMANDED for proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.