CAMPBELL, Judge.
Appellant appeals his judgment and accompanying sentence to life imprisonment with a mandatory twenty-five years for first degree murder.
*1174 Appellant first raises as error the trial court’s refusal to allow appellant to reopen the case to receive additional testimony. We find no error in the trial court’s refusal. The evidence was not newly discovered evidence. The deposition of the witness whose testimony was proffered had been taken prior to trial, and the transcript of the deposition had been in the possession of appellant’s attorney prior to trial.
Appellant’s second point raises as error the trial court’s refusal to give the full version of the instruction on excusable homicide. The court gave, instead, the shorter instruction on excusable homicide contained in the Florida Standard Jury Instructions in Criminal Cases section on “Introduction To Homicide” at page 61.
Appellant cites to us, as authority for his position, Delaford v. State, 449 So.2d 983 (Fla. 2d DCA 1984), Niblack v. State, 451 So.2d 539 (Fla. 2d DCA 1984), and Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983). Niblack and Delaford hold that in order to properly charge manslaughter, excusable and justifiable homicide instructions must be given. That rule arises because justifiable or excusable homicide is not a lesser included offense within the meaning of Florida Rule of Criminal Procedure 3.490 but is part of the language defining manslaughter as a residual offense which excludes justifiable and excusable homicide. Delaford, 449 So.2d at 984. Blitch holds that in order for manslaughter to be adequately defined, a complete instruction on justifiable and excusable homicide must be given even where there is no evidence to support a finding of justifiable or excusable homicide. Delaford, however, involved a conviction of manslaughter. Niblack and Blitch both involved convictions for second degree murder. Hedges v. State, 172 So.2d 824 (Fla.1965), on which Delaford, Niblack and Blitch were founded, was also a conviction for manslaughter.
In the case before us, appellant’s only defense was that he did not commit the crime. Neither self-defense nor excusable or justifiable homicide were involved. Appellant was charged with, and found guilty of, first degree murder. Manslaughter was at least two steps removed from the offense for which appellant was convicted. Appellant only contends that the manslaughter instruction was deficient because it contained a summary rather than a complete excusable homicide instruction. Under State v. Abreau, 363 So.2d 1063 (Fla.1978), any error because of an imperfect manslaughter instruction was harmless error.
Affirmed.
RYDER, C.J., and HALL, J., concur.