FRANK, Judge.
The appellant, William W. Duval, III, challenges his conviction for sexual battery and the trial court’s departure from the sentencing guidelines. We affirm the conviction but remand for resentencing.
Duval was charged with sexual battery violative of section 794.011(3), Florida Statutes (1984), and was tried before a jury. Prior to the trial, he moved to suppress the victim’s out-of-court identification on the *571 ground that the process was unduly suggestive and tainted by an attempted hypnosis of the victim. The motion was denied. At trial, the victim again identified Duval as her assailant. The state submitted circumstantial evidence linking him to the crime and the jury returned a verdict of guilty of sexual battery.
Upon sentencing, the trial court reviewed a sentencing guidelines scoresheet indicating a presumptive sentencing range of 17 to 22 years of imprisonment. The trial court, however, departed from the recommended range and sentenced Duval to a 40 year term of incarceration. Its written reasons for departure are as follows:
That the defendant committed the sexual battery while on probation; and that the evidence produced by the state at sentencing showed that the defendant met the definition of habitual felony offender. In doing so, the court further found that imposition of his sentence was necessary for the protection of the public from further criminal activity.
Duval contends that the hypnosis administered to the victim rendered any subsequent identification suspect. We disagree. Prior to the hypnotic session and within four days of the rape, the victim provided a police artist with a description of the rapist. The artist sketched a picture of the suspect which was circulated among various law enforcement agencies. As a result, a probation officer recognized Duval and forwarded his name to the police. Subsequently, based upon this information the police compiled two photopaks and conducted a lineup from which the victim identified Duval. It is of no consequence that the police unsuccessfully attempted to enhance the victim’s memory through hypnosis. It is apparent that the hypnosis had no effect upon the victim’s ability to identify Duval. We reject his challenge to the sufficiency of the evidence, see Thomas v. State, 167 So.2d 309 (Fla.1964), and his attack upon the identification procedures utilized by the police.
We do, however, find merit in Du-val’s contention that the trial court failed to provide valid reasons for its departure from the guidelines. The habitual offender statute appears no longer available as a sentencing tool. In Whitehead v. State, 498 So.2d 863 (Fla.1986), a majority of our supreme court concluded that section 775.-084, Florida Statutes (1985), cannot be preserved in the context of the sentencing scheme provided by the guidelines.
The trial court also erred in departing more than one cell upon a finding that Duval committed a sexual crime during his probationary period. We do not gainsay, however, that a probation violation enhanced beyond one cell is permitted but such enhancement must itself be grounded upon “clear and convincing” reasons and not the mere violation of probation. Finally, the need to protect the public from Duval’s potential future criminal activity will not support departure. Reid v. State, 488 So.2d 913 (Fla. 2d DCA 1986).
The trial court having had no valid basis for departure at the initial sentencing, it may not depart upon resentencing. Accordingly, we affirm Duval’s conviction but remand to the trial court for sentencing within the guidelines.
GRIMES, A.C.J., and SCHOONOVER, J., concur.