509 So.2d 1339 (1987)
Norman Eugene YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. BO-23.
District Court of Appeal of Florida, First District.
July 21, 1987.
*1340 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Young appeals his conviction and sentence for second degree murder in circuit court case number 85-3908, as well as his sentences imposed pursuant to his violations of community control in case number 85-820 (resisting arrest with violence) and case number 83-4342 (resisting arrest without violence). We reverse the second degree murder conviction and remand for a new trial in case number 85-3908. The sentences in the other two cases are erroneous in certain regards and we reverse and remand these cases for resentencing.
In case number 85-3098 Young was charged with the second-degree murder of his wife, possession of a firearm by a convicted felon and resisting arrest with violence. The murder charge was severed from the others and the case proceeded to jury trial. The undisputed evidence adduced at trial showed that Young had killed his wife with a single shotgun blast fired at close range. The defense theory was that the shooting was accidental, although no direct evidence was presented in this regard.
At the charge conference at the close of all the evidence the defense objected to the jury instruction on excusable homicide being read in its entirety. The instruction at issue was not the standard jury instruction on excusable homicide, but instead recited the excusable homicide statute verbatim as follows:
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon sudden combat, without any *1341 dangerous weapon being used and not done in a cruel or unusual manner.

The defense objected to the second part of the instruction (emphasized) arguing that it was inapplicable. The prosecutor responded that, "the only way [a killing] is excusable is if it is without a dangerous weapon not being used or not being done in a cruel or unusual manner." The court overruled the defense objection, and stated it would give the entire instruction. In her closing argument the prosecutor said:
The court will further instruct you as the statement of charge as to the killing of a human being, when that is excusable and when that is justifiable. Listen carefully to the entire instruction, that justifiable homicide does not apply in this case because the facts do not fit the instructions. Nor is the killing of a human being excusable in this case. And listen to the entire instruction when the court instructs that it must be done without any dangerous weapon being used. In this case clearly a shotgun is a dangerous weapon.
The defense objection to the argument "as a misstatement of the law" was overruled.
In giving the entire jury instruction and in failing to sustain the defense objections to the state's closing argument the lower court reversibly erred. The instruction given in the instant case is virtually identical to the one given in Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983). In Blitch the court concluded that the instruction might have misled the jury by inaccurately appearing to suggest that a killing can never be excusable if committed with a dangerous weapon. The Blitch rationale is clearly applicable to the instant case. We agree that it is plausible that the jury could have understood the instruction to set forth only two alternative circumstances under which the excusable homicide defense is available, and that the defense is inapplicable if a dangerous weapon was used. 427 So.2d at 787. As in Blitch, had the standard jury instruction been given, with only the appropriate subparts being read, any possibility of jury confusion should have been avoided.
The possible erroneous construction by the jury was compounded and reinforced by the prosecutor's closing argument. See Brown v. State, 462 So.2d 840, 843 (Fla. 1st DCA 1985). Under these circumstances we are convinced that Young's conviction cannot be allowed to stand, and we reverse and remand for a new trial on the second degree murder charge in case number 85-3908.
In case number 83-4342 defendant was initially charged with a felony, resisting arrest with violence. Defendant entered a negotiated plea to the misdemeanor offense resisting arrest without violence and was placed on probation. After his probation was revoked, defendant was placed on community control. When community control was revoked Young was sentenced to one year in jail. This sentence is illegal as the court had no jurisdiction to place defendant on community control for a misdemeanor. Community control may be imposed only for felony offenses. § 948.01(4), (8), Fla. Stat. Despite defendant's failure to object, the revocation and subsequent sentence are void. Therefore, we reverse the finding of a violation of community control and sentence in case number 83-4342, and remand for resentencing.
In both case number 83-4342 and case number 85-820 Young was assessed $200 court costs pursuant to § 27.3455, Fla. Stat. (1985). Young argues that imposition of § 27.3455 costs is improper because the offenses in both cases were committed prior to the July 1, 1985 effective date of the statute. The recent decision in State v. Yost, 507 So.2d 1099 (Fla. 1987) held that the retroactive application of the penalty provisions of § 27.3455, Fla. Stat. (1985), which provide that the grant of accrued gain time is conditioned upon payment of the assessed costs (or performance of the community service), is a violation of the ex post facto clause of the United *1342 States and Florida Constitutions. Therefore the court erred in ordering Young to serve a period of community service in lieu of the payment of court costs.
The remaining issues raised on appeal are without merit. The judgments and sentences are remanded for further proceedings consistent with this opinion.
ZEHMER and BARFIELD, JJ., concur.