PER CURIAM.
The defendant, Jeffrey V. Machansky, appeals the sentence imposed upon him by the trial court following the revocation of his probation. We reverse.
The state filed an affidavit alleging that the defendant had violated several conditions of the probation which he was serving for dealing in stolen property. The defendant pled guilty to these allegations.
The defendant’s original guidelines score-sheet indicated a sentencing range of two and one-half to three and one-half years, and the next higher range was three and one-half to four and one-half years. After revoking the defendant’s probation, the trial court imposed a departure sentence of ten years imprisonment. The trial court’s written reasons for departure indicated that the defendant was “in willful, deliberate violation of the terms and conditions of his probation” and that the defendant had “no intention of following the rules and conditions of his probation” as evidenced by his act of leaving the state after being told not to do so. This timely appeal followed.
Upon revoking a defendant’s probation, the trial court may impose a sentence within the original guidelines range or the next higher guidelines range without providing written reasons for departure. Fla.R.Crim. P. 3.701(d)(14). A court is permitted to depart beyond the next higher range if the *102 underlying reasons for the violation of probation, as opposed to the mere fact of violation, are more than minor infractions and are sufficiently egregious. State v. Pentaude, 500 So.2d 526 (Fla.1987). The reasons given in this case, however, do not meet this requirement. The trial court’s departure was premised upon the willfulness of the defendant’s acts. Willfulness, however, is an element of every violation of probation. Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980). The trial court, therefore, could not use that element to justify departure. See State v. Misckler, 488 So.2d 523 (Fla.1986).
We, accordingly, reverse the sentence imposed by the trial court and remand for resentencing within the original or the next higher guidelines range.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.