PARKER, Judge.
Chatman appeals an order of the trial court which revoked his probation and directed a sentence of ten years incarceration. We affirm the order of revocation but remand for resentencing.
Chatman was originally charged with three counts of aggravated battery, to which he entered pleas of nolo contendere. He was adjudicated guilty and sentenced to three years in state prison on counts one and two to run concurrently and was placed on probation as to count three for a period of fifteen years, which was to run consecutive to the three-year terms on counts one and two.
Following the start of Chatman’s probation, an affidavit and warrant for violation of probation was filed against him for failure to submit written reports for two months in 1987 and for failure to pay $320 in arrearages as costs of supervision. At a hearing on the violation of probation, the trial court orally found Chatman had committed “willful and deliberate” violations of his conditions of probation and had demonstrated “nothing but contempt for the compassion this court [trial court] has shown.” Chatman was then sentenced to ten years in prison which exceeded the sentencing guidelines range of two and one-half to three and one-half years that included the enhancement to the next higher cell permit *916 ted for the violation of probation. The sole written reason appearing on Chatman’s scoresheet for the departure was “VOP.”
This court has previously stated that reasons for departure from the sentencing guidelines which were all grounded upon defendant’s willful violation of probation cannot be the basis for departure beyond the one-cell enhancement for violation of probation provided under Florida Rule of Criminal Procedure 3.701(d)(14). Machansky v. State, 517 So.2d 101 (Fla. 2d DCA 1987). The willfulness of the defendant is an element of every violation of probation. Id. at 102 (citing Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980)). See also Alexander v. State, 513 So.2d 1117 (Fla. 2d DCA 1987); Duval v. State, 500 So.2d 570 (Fla. 2d DCA 1986) (a clear and convincing reason other than the violation of probation must be provided in writing by the trial court to support a departure beyond the one-cell enhancement).
We reverse and remand this case to the trial court to impose a sentence that is within the two and one-half to three and one-half years guidelines range that encompasses the one-cell bump for the violation of probation.
Reversed and remanded.
CAMPBELL, C.J., and SCHEB, J., concur.