536 So.2d 305 (1988)
Avelino DeLeon, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3127.
District Court of Appeal of Florida, Second District.
December 16, 1988.
Rehearing Denied January 17, 1989.
*306 James Marion Moorman, Public Defender, and Julius J. Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
DeLeon appeals a sentence of five years in prison, to be followed by one year in jail, after a violation of community control. We reverse.
DeLeon entered a plea of guilty to a two-count information charging resisting an officer with violence in count I and trespass in an occupied structure in count II. He received probation, which he was later charged with violating. Following a revocation of his probation, DeLeon was placed on community control for two years for count I and one year for count II, to be served concurrently. Thereafter, appellant was charged and pleaded guilty to violating his community control.
The trial court, finding that DeLeon had violated his community control, revoked community control. All violations found by the court were violations of conditions of community control which did not involve the commission of additional criminal acts.[1] Between January 1987, when DeLeon was placed on probation, and October 1987, DeLeon committed a total of twenty-one violations of seven different conditions. The presumptive guidelines sentence with the one-category enhancement for violation of community control was twelve to thirty months state prison or community control. The trial court sentenced DeLeon to five years in prison on count I followed by a consecutive sentence of one year in county jail on count II. The trial court listed the following three written reasons for exceeding the sentencing guidelines: (1) calculated violation of community control; (2) resisted attempts of rehabilitation; and (3) the timing of the violations.
*307 Two of the three reasons listed by the court for the upward departure from the presumptive range of the guidelines are valid and are supported by the record. Resisting attempts of rehabilitation is a valid reason for departure, Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985), approved, 514 So.2d 1079 (1987), even if the violations are noncriminal acts. DePaul v. State, 505 So.2d 659 (Fla. 2d DCA 1987). The timing of the violations is also a valid reason for departure. Adams v. State, 490 So.2d 53 (Fla. 1986); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985). A calculated violation of community control, however, is an invalid reason for departure in that willfulness is an element of every violation of probation or community control. Machansky v. State, 517 So.2d 101, 102 (Fla. 2d DCA 1987).
The trial judge based his decision to depart on both valid and invalid reasons. The state made no showing whether the absence of the invalid reason would have affected the departure sentence and instead relied completely on section 921.001(5), Florida Statutes (1987).[2] Because the crimes were committed prior to July 1, 1987, the effective date of that statute, we must use the standard set forth in Albritton v. State, 476 So.2d 158 (Fla. 1985). See Hoyte v. State, 518 So.2d 975, 976 n. 1 (Fla. 2d DCA 1988); see also State v. Mesa, 520 So.2d 328 (Fla. 3rd DCA 1988). But see Abt v. State, 528 So.2d 112 (Fla. 4th DCA 1988) and Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1988) (section 921.001(5) should be applied retroactively). Albritton requires an appellate court to reverse the sentence and remand the case for resentencing unless the state has shown beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence. Albritton, 476 So.2d at 160. Because the state failed to do so in this case, we must remand for resentencing.
We also address the sentencing in count II. Count II was trespass of an occupied structure, a misdemeanor. Community control may be imposed only for a felony offense. § 948.01(4), (8), Fla. Stat. (1985). Accordingly, the trial court had no jurisdiction to place DeLeon on community control for the misdemeanor, and the sentence for count II is void. See Young v. State, 509 So.2d 1339, 1341 (Fla. 1st DCA 1987).
We reverse DeLeon's sentence and remand this case for the trial court to resentence DeLeon consistent with the holdings in Albritton and Young.
REVERSED AND REMANDED.
FRANK, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The conditions of community control which DeLeon violated were failing to remain confined to his residence (five times); failing to submit written reports (twice); failing to follow directions of community control officer (three times); failing to report at least four times a week (four times); and failing to pay cost of supervision.
[2] This statute provides, in pertinent part:

When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.