548 So.2d 909 (1989)
Bernard M. HAMMONDS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1396.
District Court of Appeal of Florida, First District.
September 21, 1989.
Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., A.E. (Ned) Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.

OPINION ON REHEARING
SMITH, Judge.
Upon consideration of Appellant's Motion for Clarification, Rehearing or Rehearing En Banc, our opinion of August 2, 1989, is withdrawn and the following substituted therefor.
Appellant appeals his convictions for second degree murder with a firearm and use of a firearm in the commission of a felony. We agree with appellant that his conviction and sentence for use of a firearm in the *910 commission of a felony should be vacated. Grantham v. State, 545 So.2d 945 (Fla. 1st DCA 1989). We affirm appellant's second degree murder conviction, finding that the instruction on excusable homicide was not reversible error.
The state urges that the Carawan[1] rationale should not apply to invalidate the judgment and sentence for use of a firearm during the commission of a felony because the legislature has amended section 775.021, Florida Statutes, making it clear that it is the intent of the legislature to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the rule of lenity to determine legislative intent. Ch. 88-131, § 7, Laws of Florida. However, the Florida Supreme Court recently agreed with the view stated by this court in Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988), that this statutory amendment overriding Carawan may not be applied retroactively. State v. Smith, 547 So.2d 613 (Fla. June 22, 1989).
Next, we are urged to reverse this case on the grounds that the trial court erred in instructing the jury improperly on excusable homicide. To resolve this particular issue, a recitation of language of the excusable homicide statute, section 782.03, Florida Statutes (1987), and the Standard Jury Instruction on Excusable Homicide is necessary.
Section 782.03 provides:
Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
The standard jury instruction on excusable homicide provides as follows:
An issue in this case is whether the killing of (victim) was excusable.
The killing of a human being is excusable if committed by accident and misfortune.
In order to find the killing was committed by accident and misfortune, you must find the defendant was:
1. a. doing a lawful act by lawful means and with usual care and
b. acting without any unlawful intent.
2. in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection.
3. engaged in sudden combat. However, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable.
The side bar accompanying the standard jury instruction reads: "Give 1, 2 or 3 as applicable." Florida Standard Jury Instructions in Criminal Cases at page 76.
The Introduction to Homicide section of the Florida Standard Jury Instructions in Criminal Cases at page 61 provides in relevant part:
EXCUSABLE HOMICIDE
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
There is a note to the judge that the Introduction to Homicide should be read in all murder and manslaughter cases.
Appellant submitted the following written requested jury instruction:

*911 The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual, ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation.
The following exchange demonstrates that trial counsel hopelessly confused the trial court when this requested instruction was discussed at the charge conference:
THE COURT: ... Defendant's requested instruction number five.
MS. SASSER: It's the same, Your Honor, as the standard instruction on excusable homicide found on page 61 of the standard jury instruction with the exception that we have deleted the last sentence of that instruction.[2] The reason that we are asking for that deletion is we don't think that last sentence is applicable.

THE COURT: What is the last sentence?
MS. PEEK: The last sentence says without any dangerous weapon being used.
THE COURT: Okay. Why don't you think that is applicable?
MS. SASSER: I think it's confusing and misleading to the jury because it would give them the impression that there can be no excusable homicide when a dangerous weapon is involved which is not the state of the law, and it's clearly set forth for this Court in the case of Young vs State found at 509 So.2d 1339 which I furnished to the state attorney and will now furnish to the Court.
THE COURT: Let me see it. Which particular headnote is it? Where is it?
MS. SASSER: It would be number one, Your Honor.
THE COURT: On that it said that the trial court's instruction on excusable homicide which was not standard jury instruction but cited excusable homicide statute verbatim may have misled the jury in the second degree murder prosecution to believe that the killing could never be excusable except it says they gave instructions other than the standard jury instruction.
MS. SASSER: That's correct, but I believe that the standard jury instruction is the same as the statute verbatim.
THE COURT: Well 
MS. SASSER: And that it does say that when you give  what they gave was  what the objection was to or by accident or misfortune in the heat of passion upon any sudden and sufficient provocation or upon any sudden combat and not done in a cruel or unusual manner which is the exact same language which we are trying to delete in this case because we think as they did in Young v. State it is misleading. The state attorney can say there is no excusable homicide when a dangerous weapon is used.
THE COURT: I deny it. I think it's adequately and appropriately covered in the standard jury instructions. (emphasis supplied)
Accordingly, the trial court read the standard jury instruction on excusable homicide to the jury. As part of its instructions, the trial court gave the Introduction to Homicide section of the standard jury instructions.
In Young v. State, 509 So.2d 1339 (Fla. 1st DCA 1987), the case cited to the trial court, this court held that an instruction on excusable homicide, which was not the standard jury instruction but instead recited the excusable homicide statute verbatim, may have misled the jury in a second degree murder prosecution to believe that the killing could never be excusable if committed with a dangerous weapon. This possible erroneous construction by the jury was held to have been compounded and reinforced by the prosecutor's closing argument that to be excusable, a killing must be done without a dangerous weapon, and thus reversal was required. With regard to the jury instruction issue, this court stated:

*912 The instruction given in the instant case is virtually identical to the one given in Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983). In Blitch the court concluded that the instruction might have misled the jury by inaccurately appearing to suggest that a killing can never be excusable if committed with a dangerous weapon. The Blitch rationale is clearly applicable to the instant case. We agree that it is plausible that the jury could have understood the instruction to set forth only two alternative circumstances under which the excusable homicide defense is available, and that the defense is inapplicable if a dangerous weapon was used. 427 So.2d at 787. As in Blitch, had the standard jury instruction been given, with only the appropriate subparts being read, any possibility of jury confusion should have been avoided.
Young v. State, 509 So.2d at 1341.
In Blitch v. State, the trial court had expressly agreed with the defendant that parts 1 and 2 of the 3-part standard jury instruction on excusable homicide applied to that case, but after closing arguments, it failed to instruct the jury as promised. Instead, the court read the introductory excusable homicide instruction which is virtually verbatim to the excusable homicide statute. The Second District Court of Appeal noted that a reading of parts 1 and 2 of the complete standard jury instruction on excusable homicide would have effectively prevented the possibility of any confusion on the jury's part as to whether the excusable homicide defense is available to one who kills a person with a dangerous weapon. Blitch, 427 So.2d at 787. More importantly, the court recognized that even a reading of part 3 of the complete instruction, along with parts 1 and 2, would have sufficed in that case in that part 3 of the complete instruction unequivocally shows that, where one kills someone with a dangerous weapon, the excusable homicide defense is unavailable to him only if he had been engaged in sudden combat with the victim. The court commented that the defendant was not engaged in sudden combat with the victim when he shot him. Blitch. 427 So.2d at 787 n. 1.
Thus, Young and Blitch support the trial court's conclusion that the standard jury instruction on excusable homicide would not mislead the jury into believing that a killing can never be excusable if committed with a dangerous weapon as argued by appellant's trial counsel.
Though the above quoted exchange between the trial court and trial counsel strongly suggests that the trial court was under the impression that it was being asked to delete the last sentence of the standard jury instruction on excusable homicide on the grounds that it was misleading, appellant argues in his motion for rehearing that in fact he was asking the trial court not to give the third paragraph, sudden combat alternative of the standard jury instruction at all. Relying on Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988), appellant contends the instruction given in this case was reversible error.
In Kingery, counsel requested that the trial court give only the paragraph 2 "heat of passion" instruction, and not give the paragraph 3 instruction dealing with "sudden combat" of the Florida Standard Jury Instruction on Excusable Homicide. In finding that it was error to give the sudden combat instruction, this court specifically noted that jury instructions must relate to the issues concerning the evidence received at trial and that the sudden combat instruction did not comport with the evidence presented by the state in Kingery. Kingery, 523 So.2d at 1206-1207. However, unlike the situation in Kingery, and the decision of Bowes v. State, 500 So.2d 290 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1043 (Fla. 1987), upon which the Kingery court relied, counsel in this case did not argue to the trial court that the sudden combat instruction should not be given because it did not comport to the evidence presented at trial. Instead, even viewing trial counsel's objection and the exchange with the trial court in a light most favorable to the appellant, it is plain that the trial counsel objected to the sudden combat instruction on the grounds that it would mislead the jury into believing that a killing can never be excusable if committed with a dangerous weapon. This is not a *913 valid objection to paragraph 3 of the standard jury instruction on excusable homicide as paragraph 3 makes it clear that the "dangerous weapon" exclusion applies only to situations involving sudden combat. Blitch, 427 So.2d at 787 n. 1.
Even had trial counsel properly objected on the grounds that the sudden combat instruction did not comport with appellant's theory of defense or the evidence received at trial, the trial court would have been justified in denying the objection and giving the complete standard jury instruction on excusable homicide. In this case, counsel argued to the jury in closing argument: (1) that the incident was a street fight; (2) that no one actually saw appellant shoot the victim; and, in any event, (3) appellant shot in self-defense. Unlike the situation in Kingery, or the Bowes case upon which Kingery relies, the evidence at trial was susceptible to the conclusion that the incident involved a sudden combat. Thus, whether this court views trial counsel's argument at the charge conference as being a request for deleting the last sentence of the standard jury instruction on excusable homicide, or a request that the entire third paragraph of the standard jury instruction on excusable homicide regarding sudden combat not be given, or a request that some modified version of the short introductory definition of excusable homicide at page 61 of the Standard Jury Instructions be given, we conclude that given the evidence presented at the trial, and appellant's argument to the jury, that the trial court's decision to read the entire standard jury instruction on excusable homicide was not error.
AFFIRMED in part, REVERSED in part, and REMANDED to the trial court to make the necessary corrections in the judgment and sentence by striking the conviction for use of a firearm in the commission of a felony.
THOMPSON and MINER, JJ., concur.
NOTES
[1] Carawan v. State, 515 So.2d 161 (Fla. 1987).
[2] As is readily apparent, the Introduction to Homicide section concerning excusable homicide is one sentence. However, the standard jury instruction on excusable homicide is set forth in several sentences, the last one being: "However, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable."