WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences imposed for second degree murder, shooting within a building, using a firearm in the commission of a felony, improper exhibition of a firearm, and grand theft of a motor vehicle. We find that the court’s limited jury instruction on excusable homicide requires that appellant’s murder conviction be reversed. We find no error with regard to appellant’s other convictions, but certain sentencing *978 improprieties require that the sentences be vacated and the cause remanded for resen-tencing.
Before appellant proceeded to trial three different defense attorneys were either dismissed or withdrew from the case. One of these attorneys had secured the appointment of a defense expert to examine appellant’s mental state, and another had sought to have appellant declared incompetent to stand trial. Two additional experts were appointed to examine appellant for this purpose. Various medical reports were submitted to the court, and a hearing was held at which appellant protested any inquiry into his competence. Appellant thereafter obtained other counsel and further experts were appointed for an examination and evaluation as to appellant’s competence. Another hearing was held, and appellant’s new counsel maintained that appellant was competent to proceed to trial, in accordance with appellant’s wishes. The two prior attorneys who had initiated the inquiry into appellant’s mental state testified, as did a private investigator and appellant's mother. Appellant’s new counsel, the prosecutor, and the court all participated in the questioning of these witnesses. Several of the appointed experts also testified, and the court ultimately found appellant to be competent to stand trial.
Appellant now contends on appeal that the competency hearing was procedurally deficient. In this regard appellant cites Bundy v. Wainwright, 808 F.2d 1410 (11th Cir.1987), which states that the matter should be “adequately developed in an adversary manner.” However, this statement in Bundy was made in the context of a hearing at which the defendant’s prior counsel was not called to testify and thus was precluded from expressing any opinion as to the defendant’s competence. In the present case appellant’s prior attorneys were called as witnesses and testified as to this matter. Several experts also testified and were questioned by the court, as well as by appellant’s new counsel and the prosecutor, in a manner which adequately developed the issue. Although no independent counsel was appointed to argue on behalf of appellant’s incompetence, Bun-dy’s description of an “adversary” process does not require such a convoluted procedure. The hearing was conducted in accordance with the Florida Rules of Criminal Procedure and was adequate to satisfy appellant’s due process concerns as delineated in Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), and Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).
In instructing the jury the court used only the short form Standard Jury Instruction as to excusable homicide, which has been criticized in various cases as misleading. See e.g., Smith v. State, 539 So.2d 514 (Fla. 2d DCA 1989), rev. pending, Case No. 73,822; Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983); see also, Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988). This short form instruction describes a killing as excusable if:
... committed by accident and misfortune during any lawful act ..., or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon any sudden combat, without any dangerous weapon being used....
The cited cases note that this instruction might improperly suggest to the jury that a killing cannot be excusable if committed with a dangerous weapon. The Standard Jury Instructions also contain a longer excusable homicide instruction which more thoroughly explicates the short form instruction and divides it into three categories, so that it is clear that the “dangerous weapon” exclusion relates only to the “sudden combat” category. But in the present case the court did not use this longer and more thorough instruction. Although appellant did not object to the use of the short form instruction, the homicide instructions included a manslaughter charge, and because this is a residual offense defined by “reference to what it is not,” an accurate instruction as to excusable homicide is a “fundamental obligation” with regard to this charge. See Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987), approved in Rojas v. State, 552 So.2d 914 (Fla.1989). An improper excusable homi *979 cide instruction may thus be reviewed in this context even though no objection was interposed below. See Schuck v. State, 556 So.2d 1163 (Fla. 4th DCA 1990); Smith, supra. While appellant was not convicted of manslaughter, he was convicted of second degree murder, and since manslaughter is the next lesser instructed offense the improper instruction may not be deemed harmless as it might have impacted the jury’s decision regarding the exercise of its inherent pardon power. See Smith, fn. 2. In the circumstances here presented the use of the short form excusable homicide instruction, without any clarification, requires that appellant’s second degree murder conviction be reversed.
In the event that appellant is retried and again convicted of this offense, we note that appellant’s conviction and sentence for using a firearm during the offense is not permitted if, as in the present case, the murder conviction is enhanced as to degree and sentence due to the use of a firearm. See Hammonds v. State, 548 So.2d 909 (Fla. 1st DCA 1989), rev. denied 558 So.2d 18 (Fla.1990); Grantham v. State, 545 So.2d 945 (Fla. 1st DCA 1989), rev. denied 553 So.2d 1166 (Fla.1989). Appellant was also impermissibly sentenced to a term of imprisonment in excess of the one year statutory maximum under section 775.082(4)(a), Florida Statutes, for the first degree misdemeanor of improper exhibition of a firearm as described in section 790.10, Florida Statutes. On remand appellant should be resentenced for this offense. The court also failed to provide any written reasons for its departure from the recommended guidelines sentence. The sentence must thus be vacated and appellant should be resentenced within the guidelines. See Pope v. State, 561 So.2d 554 (Fla.1990).
Appellant’s conviction of second degree murder is reversed. The other convictions are affirmed, but the sentences imposed are vacated and the cause remanded for resentencing.
ERVIN and MINER, JJ., concur.