500 So.2d 290 (1986)
Ronald BOWES, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2715.
District Court of Appeal of Florida, Third District.
December 23, 1986.
Rehearing Denied January 29, 1987.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
NESBITT, Judge.
Bowes appeals from his convictions for two counts of first-degree murder and one count of third-degree murder occurring while engaged in the crime of the sale or delivery of marijuana. We reverse.
Bowes and two codefendants were involved in a drug transaction which was to take place in Cudjoe Key. They were to sell and deliver a bale of marijuana to three men from Tennessee at a prearranged site. Bowes and a codefendant arrived in one car, while the other codefendant arrived in *291 a van which allegedly contained the bale. The three men from Tennessee arrived in a station wagon. Bowes and one of the men from Tennessee, Gerald Hamilton, walked to the van together.
The testimony concerning the subsequent events is in dispute. Bowes claims that upon finding the van empty, Hamilton pulled a gun on him. Bowes maintains that he was shot in the thumb when he swatted the gun away and then pulled out his own gun and shot Hamilton. Subsequently, the other two men from Tennessee were shot to death as well. It is unclear who shot them and whether the shootings were an accident, part of a battle, the result of provocation or executions. Bowes was later charged with three counts of first-degree murder.
At Bowes' trial, during the charging conference, Bowes' counsel requested an instruction on excusable homicide, contending that the deaths were the result of sudden provocation. Counsel also requested that the trial court not include the final portion of the instruction, dealing only with sudden combat, since that was not a claimed defense and might mislead the jury. The prosecution asked that the entire instruction be given since the jury might find any part applicable to any one of the charges. The trial court decided to give the instruction in its entirety, over the defense's objection, as follows:
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
The jury found Bowes guilty of the third-degree murder of Gerald Hamilton, occurring while engaged in the crime of sale or delivery of marijuana. Bowes was also found guilty of first-degree murder on the other two charges.
Bowes contends on appeal that the instruction given by the trial court could have misled the jury to believe that excusable homicide was not an available defense if dangerous weapons had been used. We agree. Bowes was entitled to rely on the defense of excusable homicide upon proof of any one of the three criteria in section 782.03, Florida Statutes (1985).[1]See Colon v. State, 430 So.2d 965 (Fla.2d DCA 1983). Also, the dangerous weapon exception, making an otherwise excusable homicide inexcusable, applies only to the sudden combat criterion. Blitch v. State, 427 So.2d 785 (Fla.2d DCA 1983). The instruction as given, however, "may very well have been inherently misleading, because it appeared to inaccurately suggest that a killing can never be excusable if committed with a dangerous weapon." Blitch v. State, 427 So.2d at 787. Consequently, the jury may have concluded that the homicides were inexcusable because they were committed with handguns. We reverse, finding Bowes properly preserved the error for our review by objection, cf. State v. Heathcoat, 442 So.2d 955 (Fla. 1983); Skipper v. State, 420 So.2d 877 (Fla. 1982).
As a final note, we reject the state's contention that excusable homicide is not a defense to a third-degree non-forcible felony murder. Section 776.041(1), Florida Statutes (1985), denies a defendant the right to assert self-defense and defense of others, pursuant to sections 776.012 and 776.031, Florida Statutes (1985), as a defense in certain circumstances. This restriction, however, is statutorily limited to sections 776.012 and 776.031 and to cases in which the defendant is involved in a forcible felony. We decline to extend section *292 776.041 to restrict a defendant from asserting excusable homicide, pursuant to section 782.03, Florida Statutes (1985), as a defense to a third-degree non-forcible felony murder.
Accordingly, we
Reverse and remand for a new trial.
JORGENSON, Judge, dissenting.
I respectfully dissent.
To the extent that a jury must be fully charged on a defense theory, the trial court properly charged the jury. The instruction on excusable homicide was given in the disjunctive and therefore did not violate the dictates of Colon v. State, 430 So.2d 965 (Fla.2d DCA 1983). Nor, under the circumstances of this case, was the instruction inherently misleading as in Blitch v. State, 427 So.2d 785 (Fla.2d DCA 1983).
The prosecution theory was felony murder, with robbery during a drug rip-off as the underlying felony. Homicides occurring under these circumstances are rarely excusable. There was no confusion on the part of the jury. See generally Lacy v. State, 387 So.2d 561 (Fla.4th DCA 1980).
I would therefore affirm.
NOTES
[1] Section 782.03 provides:

Excusable homicide.  Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.