556 So.2d 1163 (1990)
Candace Jean SCHUCK, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0618.
District Court of Appeal of Florida, Fourth District.
January 24, 1990.
Rehearing and Stay Denied March 7, 1990.
Richard L. Jorandby, Public Defender and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Appellant raises three points on appeal. We affirm points I and III. As to point II, we reverse and remand for a new trial.
Appellant was charged with and convicted of manslaughter in violation of section 782.07, Florida Statutes (1987) for shooting and killing her ex-boyfriend. Her defense was that the shooting was accidental. The trial court gave the standard short form instruction on excusable homicide in accordance with the Florida Standard Jury Instructions in Criminal Cases. The instruction at page 61 provides in relevant part:
EXCUSABLE HOMICIDE
The killing of a human being is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel and unusual manner.
The defense did not object to the instruction. Therefore, in order for appellant to prevail, we must conclude that the misleading nature of the instruction constituted fundamental error. Treadway v. State, 534 So.2d 825 (Fla. 4th DCA 1988).
Appellant maintains that the phrase, "without any weapon being used," is inherently misleading, because it suggests that a killing committed with a deadly weapon is never excusable. Our sister courts have construed the short form excusable homicide instruction to be misleading because it suggests that an excusable homicide defense is unavailable if a dangerous weapon is used. Smith v. State, 539 So.2d 514 (Fla.2d DCA 1989); Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988). We agree.
It is well settled that giving a misleading jury instruction constitutes both fundamental and reversible error. Doyle v. State, 483 So.2d 89 (Fla. 4th DCA 1986), appeal after remand, 513 So.2d 188 (Fla. 4th DCA 1987), review denied, 520 So.2d 583 (Fla. 1988); Christian v. State, 272 So.2d 852 (Fla. 4th DCA 1973), cert. denied, 275 So.2d 544 (Fla. 1973).
*1164 Accordingly, appellant's conviction and sentence is reversed and this case is remanded for a new trial.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I cannot agree that fundamental error was committed. The trial transcript reflects that the issue in this case was clearly drawn and presented to the jury. The state asserted that the appellant was guilty of manslaughter by culpable negligence in pointing a loaded weapon at the deceased and pulling the trigger. And, contrary to the state's claim of recklessness, appellant claimed that the shooting was an accident involving simple negligence at most. The state did not contend that because a dangerous weapon was involved, the appellant could not claim excusable homicide. The jury resolved the reckless versus accident issue against appellant. I fail to see how the jury instruction in question constituted fundamental error.