STONE, Judge.
We reverse appellant’s conviction for manslaughter with a firearm. The evidence was essentially undisputed. The defendant, knowing that the victim was threatening suicide, removed a pistol from his automobile and loaded it in front of the victim. The victim then received or took the gun from the defendant and shot herself. This court has previously addressed the merits of the charge in State v. Rushing, 532 So.2d 1338 (Fla. 4th DCA 1988).
Appellant requested the following abbreviated excusable homicide instruction:
The killing of a human being is excusable, and therefore lawful, when commit *1280 ted by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent.
(R. 403) However, the trial judge denied the requested instruction and gave the following instruction to the jury:
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in the doing of any lawful act by lawful means with usual, ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner, (emphasis added)
Our recent opinion in Schuck v. State, 556 So.2d 1163 (Fla. 4th DCA 1990) mandates reversal. This case is even more compelling than Schuck, as here the appellant specifically requested, in writing, the shorter jury instruction.
On this record, the instruction given by the court from the standard jury instructions is misleading. The jury, upon hearing the instruction, might well construe it as suggesting that a killing with a dangerous weapon is never excusable. In this case there are no issues calling for an instruction beyond that requested by the defendant. It is undisputed that here the facts do not support the need for an instruction on “heat of passion” or “sudden combat.”
The state asserts that the issue was not preserved for appeal. However, the issue was preserved by the defendant’s requested instruction. E.g. Treadway v. State, 534 So.2d 825 (Fla. 4th DCA 1988). Therefore, we need not address in this appeal whether the failure to give the shorter instruction constitutes fundamental error as in Schuck (which is now under review in the supreme court).
Appellant also raises as error the circumstance that a tape recording containing matters not in evidence was permitted in the jury room. We need not address whether this was error, or an abuse of discretion, notwithstanding the precautions taken by the court, as this issue is now moot. However, on retrial the state is cautioned to address the problem of the tape prior to trial so that the circumstances creating the risk that the jury might be exposed to the irrelevant material will not be repeated. As to the other issues raised on appeal, we find no error or abuse of discretion.
We certify the following question to the supreme court as one of great public importance:
IS THE STANDARD SHORT FORM JURY INSTRUCTION ON EXCUSABLE HOMICIDE MISLEADING BY SUGGESTING THAT A KILLING WITH A DANGEROUS WEAPON IS NEVER EXCUSABLE? SHOULD A SHORTER EXCUSABLE HOMICIDE INSTRUCTION BE GIVEN WHERE A DANGEROUS WEAPON IS USED IN A POSSIBLE MANSLAUGHTER UNDER CIRCUMSTANCES THAT DO NOT SUPPORT AN ISSUE OF SUDDEN PROVOCATION OR SUDDEN COMBAT?
ANSTEAD, J., and RICHARD H. FRANK, Associate Judge, concur.