573 So.2d 335 (1991)
STATE of Florida, Petitioner,
v.
Candace Jean SCHUCK, Respondent.
No. 75831.
Supreme Court of Florida.
January 15, 1991.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Senior Asst. Atty. Gen. and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Marcy K. Allen, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
EHRLICH, Senior Justice.
We have for review Schuck v. State, 556 So.2d 1163 (Fla. 4th DCA 1990), which expressly and directly conflicts with the decision of this Court in State v. Smith, 573 So.2d 306 (Fla. 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Schuck was charged with and convicted of manslaughter in violation of section 782.07, Florida Statutes (1987), for the shooting death of her ex-boyfriend. Her defense was that the shooting was accidental. When instructing the jury, the trial court gave the standard short-form instruction on excusable homicide pursuant to the Florida Standard Jury Instructions in Criminal Cases.[1]
*336 Schuck appealed her conviction, arguing that the short-form instruction on excusable homicide is inherently misleading because it suggests that a killing committed with a deadly weapon is never excusable. The Fourth District Court of Appeal agreed. The district court also concluded that it was necessary to reverse the conviction and remand for a new trial on this basis, even though defense counsel did not object to the instruction, because "[i]t is well settled that giving a misleading jury instruction constitutes both fundamental and reversible error." 556 So.2d at 1163.
In State v. Smith, 573 So.2d 306 this Court addressed the issue of whether the failure to give the long-form instruction on the defense of excusable homicide was fundamental error when the short-form excusable homicide instruction had been given and the defendant had neither requested the long-form instruction nor objected to the giving of the short-form instruction. Although recognizing that both the short-form instruction and the long-form instruction on excusable homicide could be misleading, the Court held:
[T]o hold fundamental error occurred because of the failure to give the long-form instruction on excusable homicide when it was not requested "would place an unrealistically severe burden upon trial judges concerning a matter which should properly be within the province and responsibility of defense counsel as a matter of trial tactics and strategy." Smith [v. State, 539 So.2d 514, 517 (Fla. 2d DCA 1989)].
In normal cases the failure to request an instruction precludes a later contention that such instruction should have been given. Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882 [103 S.Ct. 182, 74 L.Ed.2d 148] (1982). Fundamental error occurs in cases "where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Ray v. State, 403 So.2d 956, 960 (Fla. 1981). Here, the trial judge gave the short-form instruction on excusable homicide. The failure to give the long-form instruction when it was not requested did not constitute fundamental error.
Smith, 573 So.2d at 310.
The Court in Smith also addressed the definition of excusable homicide as it relates to the definition of manslaughter. The Court again recognized that "[b]ecause manslaughter is in the nature of a residual offense, a complete definition of manslaughter requires an explanation that justifiable homicide and excusable homicide are excluded from the crime." Id. at 310. The Court continued, however, to conclude *337 that "[i]n the instant case, the trial judge gave the current standard jury instruction on manslaughter in its entirety, including the reference to his previous definition of justifiable and excusable homicide. The instruction on manslaughter was not erroneous in any respect." Id. at 311. Accordingly, the Court held that no fundamental error occurred when the trial court had followed the standard jury instructions and given the short-form instruction on excusable homicide at the outset of the homicide instructions and had given no further instruction on excusable homicide in connection with its instruction on manslaughter, apart from the reference to the previous short-form definition.
In the case at bar, as in Smith, the trial court referred to its previous definition of justifiable and excusable homicide in the context of defining manslaughter. In addition, the trial court included in the charge to the jury only that portion of the long-form instruction on excusable homicide which related to killing by accident, with no reference to use of a dangerous weapon.
In accordance with our decision in Smith, we reject Schuck's argument that the trial court's instruction constituted fundamental error. The decision of the district court below is quashed. We remand to the district court with directions to affirm the conviction and sentence imposed thereon.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The jury was instructed, in relevant part, as follows:

In this case the Defendant is accused of manslaughter. Manslaughter is unlawful. A killing that is excusable or was committed by the use of justifiable deadly force is lawful. If you find that Mark Hamilton was killed by Candice Jean Schuck, the defendant, you must consider the circumstances surrounding the killing in deciding whether the killing was manslaughter or whether the killing was excusable or resulted by the justifiable use of force.
... .
Excusable homicide. The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
Manslaughter. Before you can find the Defendant guilty of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. Mark Hamilton is dead.
2. The death was caused by the act, procurement or culpable negligence of Candice Jean Schuck. However, the Defendant cannot be guilty of Manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms.
I'll now define "culpable negligence" for you.
Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of others.
Culpable negligence is consciously doing an act or following a course of conduct that the Defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
An issue in this case is whether the killing of Mark Hamilton was excusable. The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent.
(Emphasis added.)