COPE,-Judge.
Defendant Radillo appeals his convictions of third degree murder and aggravated battery. We affirm in part and reverse in part.
Radillo fought with two night club employees who attempted to eject him from the premises. He stabbed both men with a pocket knife, killing one and injuring the other. Radillo was convicted of third degree murder and aggravated battery.
Radillo’s principal issue on appeal is that the trial court erred by failing to give his requested instruction on excusable homicide. As this court’s decision in Bowes v. State, 500 So.2d 290 (Fla. 3d DCA 1986), review denied, 506 So.2d 1043 (Fla.1987), is squarely on the point, we reverse and remand for a new trial on the homicide count. See also State v. Smith, 573 So.2d 306 (Fla.1990).
At Radillo’s initial trial in 1989, he defended (insofar as pertinent here) on the ground that the homicide was excusable within the meaning of section 782.03, Flor *636 ida Statutes (1987). Relying on Bowes, Ra-dillo requested an amended version of the short form excusable homicide instruction — amended so as to delete the “sudden combat” portion of the instruction. The trial judge gave the defense-requested instruction. The case went to the jury, but the jury was unable to reach a verdict.
Later in 1989, the defendant was retried. At the second trial, the State presented the successor trial judge with a new set of proposed jury instructions. Instead of the amended excusable homicide form used at the first trial, the State proposed the complete short form excusable homicide instruction — including the “sudden combat” portion of the instruction which had been deleted at the first trial. See Fla.Std. Jury Instr. (Crim.) at 61 (1989). As it had at the first trial, the defense moved to delete the “sudden combat” element of the instruction. Although provided a copy of Bowes, the trial court denied the defense request.[1] The court gave the short form instruction in its entirety as follows:
Excusable homicide
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.[2]
Radillo contends on this appeal that, as was stated in Bowes, “the instruction given by the trial court could have misled the jury to believe that excusable homicide was not an available defense if dangerous weapons had been used.” 500 So.2d at 291. We agree.
Under section 782.03, Florida Statutes, there are three distinct methods by which a homicide may be deemed excusable. A defendant may prevail under section 782.03 if the proof shows any one of the three statutory criteria have been met. Thus, a homicide is excusable when committed (1) “by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent,” or (2) “by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation,” or (3) “upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.” Id.
In Bowes, the defendant shot three men to death. He maintained that the deaths were the result of sudden provocation within the meaning of clause (2) above. Defendant requested that the trial court delete clause (3), “dealing only with sudden combat, since that was not a claimed defense and might mislead the jury.” 500 So.2d at 291. There, as here, the request was refused.
On appeal this court held:
Bowes was entitled to rely on the defense of excusable homicide upon proof of any one of the three criteria in section 782.03, Florida Statutes (1985). See Colon v. State, 430 So.2d 965 (Fla. 2d DCA 1983). Also, the dangerous weapon exception, making an otherwise excusable homicide inexcusable, applies only to the sudden combat criterion. Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983). The instruction as given, however, “may very well have been inherently misleading, because it appeared to inaccurately suggest that a killing can never be excusable if committed with a dangerous weapon.” Blitch v. State, 427 So.2d at 787. Consequently, the jury may have concluded that the homicides were inexcusable because they were committed with handguns.
*637 Id. 500 So.2d at 291 (footnote omitted); see State v. Smith, 573 So.2d at 311. Bowes holds that where, as here, the “sudden combat” portion of the excusable homicide statute is inapplicable to the defendant because a dangerous weapon was used, then that portion of the excusable homicide definition must be deleted upon timely request by the defendant.
The State contends that since the barroom fight in the present case could be characterized as a “sudden combat,” it follows that the trial court was obliged to include the “sudden combat” definition in the jury instructions. That position is plainly foreclosed by Bowes. In that case the defendant claimed that the altercation began when another man drew a gun and a struggle ensued. 500 So.2d at 291. In Bowes, as in the present case, the events could be described as “sudden combat.” Nonetheless, if the “sudden combat” portion of the statute is unavailable to the defendant because a dangerous weapon was used, then the defense request to delete that portion of the instruction must be granted. Since the “sudden combat” clause is inapplicable to this defendant, giving that portion of the instruction merely provides a straw man for the State to attack. The real issue for the jury is whether the homicide was excusable under the “sudden and sufficient provocation” portion of the statute.
The State also attacks defense counsel, claiming that he in some fashion misled the trial court. The State’s thesis is that the defense should have requested the long form excusable homicide instruction, see Fla.Std. Jury Instr. (Crim.) at 76, instead of requesting modification of the 1989 short form instruction.[3] The State’s attack is entirely misplaced. First, it is true, as the State says, that where excusable homicide is in issue, the Standard Jury Instructions contemplate that the long form instruction will be used. Id. at 62. While that is the preferred practice, this court’s decision in Bowes allowed the use of the short form instruction where neither party has objected, id.; see also State v. Smith, 573 So.2d at 309; Gidden v. State, 573 So.2d 153 (Fla. 3d DCA 1991), and the defense reasonably relied on Bowes. Indeed, if it was error to use the short form instruction in this case, then the State caused the error because the State proposed the short form to the trial court in the first instance.
Second, the State’s argument rests on the premise that the long form instruction is clear and does not suffer from any of the infirmity of the short form instruction. The State’s position has been squarely rejected by the Florida Supreme Court’s recent decision in State v. Smith, where the court “observed the possibility that the long-form standard jury instruction on excusable homicide also may mislead[,]” 573 So.2d at 311, as does the short form instruction. Id. For that reason, the court revised both the long and short form instructions. Id.; see also Hoffert v. State, 559 So.2d 1246, 1248-49 (Fla. 4th DCA 1990) (finding long form instruction potentially misleading). In so ruling, the Supreme Court disapproved sub silentio the contrary conclusion of the principal case on which the State relies, Hammonds v. State, 548 So.2d 909, 912-13 (Fla. 1st DCA 1989). Thus, contrary to the State’s assumption, giving the long form instruction in its entirety would not have automatically solved the problem.
Third, and most basic, even if the long form instruction had been offered to the trial court, that form specifically directs the trial judge to “[g]ive [clauses] 1, 2 or 3” — corresponding to the three clauses of the statute listed above — “as applicable ” (emphasis added).[4] Because the “sud *638 den combat” clause of the long form instruction was not applicable to this defendant, the trial court would have been obliged to delete clause 3. Id.; State v. Smith, 573 So.2d at 311; see Hoffert v. State, 559 So.2d 1246, 1248-49 (Fla. 4th DCA), review denied, 570 So.2d 1306 (Fla.1990); see also Bowes. In other words, whether the trial court used the short form or the long form, it was required to delete the “sudden combat” clause. The third degree murder conviction must be reversed and remanded for a new trial on that count.[5]
We find no merit in appellant’s second point on appeal and affirm the aggravated battery conviction.
Affirmed in part, reversed in part, and remanded for new trial.

. In view of its awareness of Bowes, the State should have proposed an amended instruction in the first instance, or should have concurred in the defense request for an amendment.

. Both the short and long form excusable homicide instructions were substantially revised on December 20, 1990, in State v. Smith, 573 So.2d at 310-313, in order to correct the problem illustrated by the present case.

. See supra note 2.

. The 1989 long form instruction provided:
EXCUSABLE HOMICIDE F.S. 782.03
An issue in this case is whether the killing of (victim) was excusable.
The killing of a human being is excusable if committed by accident and misfortune.
In order to find the killing was committed by accident and misfortune, you must find the defendant was:
Give 1, 2 or 3 as applicable
*638 1. a. doing a lawful act by lawful means and with usual care and
b. acting without any unlawful intent.
2. in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection.
3. engaged in sudden combat. However, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable.
Definition A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
This instruction has since been revised. See State v. Smith, 573 So.2d at 311-312.

. The trial court's stated reason for denying the defendant’s requested instruction was that it was not at liberty to modify a standard jury instruction. As Bowes indicates, and as the Florida Supreme Court has held, the trial court does have the authority, where circumstances require, to modify a standard jury instruction. See, e.g., In the Matter of the Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598, modified, 431 So.2d 599 (Fla.1981).