ON MOTIONS FOR REHEARING
Defendant has moved for rehearing with regard to the affirmance of his aggravated battery conviction. The defendant in this case was charged with second degree murder and attempted second degree murder. He was convicted of the lesser included offenses of third degree murder and aggravated battery. Because of the error in the excusable homicide instruction, this court has ordered a new trial with respect to the homicide conviction.
Defendant argues that the excusable homicide issue was also involved in the jury instructions on attempted second degree murder. He contends that the same issue of jury confusion exists with respect to that count, and that the confusion infected the conviction of aggravated battery. We disagree and deny the motion for rehearing. Although there was error with respect to the excusable homicide instruction, the jury acquitted defendant of attempted second degree murder and the lesser included offenses of attempted third degree murder and attempted manslaughter. The error in the excusable homicide instruction was therefore harmless. Excusable homicide is not a defense to aggravated battery. The jury was, however, charged on the justifiable use of deadly force. See § 776.012, Fla.Stat. (1989). There is no necessity for retrial on the aggravated battery conviction.
The State has also moved for rehearing, again arguing that if there was conduct which could be characterized as sudden combat, and if a deadly weapon was used, then the defense of excusable homicide is not available at all. That argument has been rejected in such cases as State v. Smith, 573 So.2d 306, 311 (Fla.1990) (“[T]he more reasonable construction of the language limits the caveat concerning a dangerous weapon to the third alternative of sudden combat.”), and Bowes v. State, 500 So.2d 290, 291 (Fla. 3d DCA 1986) (“The dangerous weapon exception ... applies only to the sudden combat criterion”), review denied, 506 So.2d 1043 (Fla.1987).
In the present context excusable homicide functions as a defense to the charge of homicide. By definition the State believes the homicide was inexcusable; if the State thought the homicide was excusable, the State would not prosecute.
*639 The Standard Jury Instructions contemplate that where the defense of excusable homicide is in issue, that is, where the defendant relies on that defense and there is evidence to support it, the long-form instruction should be use. State v. Smith, 573 So.2d at 309. On remand the parties will use the long form. That jury instruction indicates that the three excusable homicide alternatives will be given “as applicable.” Id. at 310. Where, as here, defendant does not rely on alternative 3, it is inapplicable and will not be given. Because defendant relies on alternative 2 and there is some evidence to support defendant’s theory, alternative 2 is applicable and will be given. Contrary to the State’s contention, the State is not entitled to an instruction advancing a defense on which defendant does not rely.
In some circumstances it would be harmless to instruct on an inapplicable defense. Where alternative 3 is concerned, however, there is a significant risk of jury confusion, as fully explained in Smith and Bowes. The State’s motion for rehearing is denied.
Rehearing denied.