PER CURIAM.
The state appeals the trial court’s order granting appellee’s motion to suppress. We reverse.
Appellee, Teresa Brown, was charged with possession of cocaine. She filed a motion to suppress a homemade pipe, a glass tube pipe and a plastic bag that contained two or three cocaine rocks. At the suppression hearing, the state argued that appellee lacked standing to object to the seizure of the items. The trial judge granted the motion after remarking, “Well, if she got standing to go to jail she ought to have standing to object to it, hasn’t she?”
Appellee and her boyfriend Boo went to an apartment rented by his cousin Pop. Boo took appellee to the apartment to help her evade arrest for skipping bond. Trish, Pop’s girlfriend, lived in the apartment. Appellee did not live in the apartment, did not have any of her belongings there, did not know the address of the apartment, did not know Trish’s last name and did not know Boo’s last or given names. When appellee arrived at the apartment, Trish was not there. Boo let appellee in the apartment with a key Pop had given him. Trish arrived as Boo was about to leave. Boo told Trish that appellee was going to sit there with her for a while. Trish did not ask appellee to leave. Appellee testified that she could not have asked anyone to leave the apartment because it was not her apartment. Appellee also testified that Trish had never invited her into the apartment.
Appellee had been in the apartment approximately five minutes, when police officers entered the apartment without a *764 search warrant. The officers had gone to the property at the request of the owner of the apartment building, who was seeking assistance in curtailing drug use on his premises. The officers saw Trish as she was going out the door of her apartment. The police had received many complaints about the drug activity in that apartment. Officer Lumm entered the apartment based on the owner’s complaint and on fear for his own safety. He was investigating possible trespass, theft, or use of narcotics and wanted to be sure no one had a gun. The officer found the cocaine and drug paraphernalia on a table four feet from appellee and arrested her.
The state contends that appellee lacked standing to challenge the search of the apartment on Fourth Amendment grounds. The state argues that the circumstances show that appellee had just arrived at the premises, she was not there by invitation and she just happened to be present at the time of the search.
Appellee responds that the officers violated her Fourth Amendment rights by entering her friend’s apartment without sufficient legal justification. She points out that even the officers did not believe they had probable cause to search the premises. She argues that her status as a guest on the premises at the time of the search is sufficient to establish that she had a reasonable expectation of privacy in the apartment.
To determine whether a defendant has standing to challenge a search or seizure, the court must determine whether the defendant has a reasonable expectation of privacy in the premises searched. State v. Suco, 521 So.2d 1100, 1102 (Fla.1988). In order to determine whether a defendant has a reasonable expectation of privacy in the premises searched, courts must consider the totality of the circumstances in the particular case. Id. There is no bright line test or standard for making this determination. United States v. Puliese, 671 F.Supp. 1353, 1358-59 (S.D.Fla.1987). Courts must consider a variety of elements in making their determination. Id. at 1359. The defendant has the burden of establishing standing, that is of proving that she has a legitimate expectation of privacy in the premises that the police searched. Id.
Appellee incorrectly relies on State v. Suco, 502 So.2d 446 (Fla. 3d DCA 1986), for the proposition that her status as a guest in the apartment is sufficient in and of itself to establish that she had an expectation of privacy in the apartment. Although the supreme court approved the result reached by the Third District, it specifically disapproved the proposition when it reviewed the case on appeal, holding that the determination is one based on the totality of the circumstances not on a defendant’s status as a lessor or invitee. Suco, 521 So.2d at 1102.
The Puliese court listed the following as factors courts should examine when determining whether a search or seizure violated the Fourth Amendment rights of a guest at the premises that were searched:
1. Who has invited the guest into the home;
2. For what purpose and for how long has the movant been invited into the home;
3. Has the owner or lessee given the guest a key or other means of entry to the home;
4. What use has the guest made of the home and indeed what use has been made of the intruded area;
5. Does the movant/guest have the power and authority to exclude others from the home; and,
6. With how many other people has the use of the area been shared.
Puliese, 671 F.Supp. at 1359.
We hold that the trial judge erred when he found that appellee had standing to challenge the search of the apartment and the seizure of the items of contraband. The test for determining whether a defendant has standing is not the fact that the defendant might go to jail, but whether a defendant has a reasonable expectation of privacy. Appellee did not meet her burden of showing that she had a reasonable expectation of privacy in the apartment. Although she testified Trish was her friend, *765 her testimony reveals that she was on the premises by sufferance more than by invitation. Trish arrived to find appellee there. She had not invited her. Appellee could not give Trish’s last name, nor the address of the apartment that was searched. She had only been on the premises for five minutes, did not have any possessions there and did not have the authority to order anyone to leave the apartment. Her purpose in being there was to avoid arrest, she did not have a key or other means of entry to the home, and she made very limited use of the home. At best appellee only showed that she was an invitee, and even that showing is not clear. Based on the facts of case, we conclude that appellee did not have an expectation of privacy in the premises searched.
Further, because appellee had no standing to object to the search of the apartment, the trial judge also erred when he granted appellee’s motion to suppress.
Accordingly, we reverse the trial judge’s order of suppression and remand for further proceedings consistent with this opinion.
HERSEY, C.J., and DELL and GARRETT, JJ., concur.