PER CURIAM.
The final judgments of conviction and sentences under review for first-degree murder and unlawful possession of a firearm during the commission of a felony are reversed and the cause is remanded for a new trial. Based on the controlling authority of Radillo v. State, 582 So.2d 634 (Fla. 3d DCA), rev. denied, 583 So.2d 1037 (Fla.1991), we conclude that the trial court committed reversible error in giving, over objection, the “sudden combat” portion of the excusable homicide instruction to the jury. As we held in Radillo, this is so because (1) the “sudden combat” portion of the jury charge was totally inapplicable to this case as the defendant, without dispute, used a firearm (a dangerous weapon) in committing the homicide for which he was charged and was not claiming a “sudden combat” excusable homicide, and (2) the inclusion of such an inapplicable jury charge created a “straw man” for the state to attack and could have misled the jury into believing that excusable homicide was not an available defense in any situation if a dangerous weapon was used, including the defense of “sudden and sufficient provocation” excusable homicide as claimed by the defendant based on the facts of this case. See Bowes v. State, 500 So.2d 290 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1043 (Fla.1987).
Given our decision on the jury instruction point, the defendant’s sentencing point becomes moot. The convictions and sentences under review are reversed and the cause is remanded for a new trial.
Reversed and remanded.