593 So.2d 565 (1992)
Melvin SPECTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1220.
District Court of Appeal of Florida, Fourth District.
January 29, 1992.
Gene Reibman, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In a second degree murder trial involving the defense of excusable homicide, clause three of the long-form jury instruction thereon was read to the jury. The form used was the one then in force prior to the Supreme Court of Florida's decision in State v. Smith, 573 So.2d 306 (Fla. 1990), which amended clause three. We conclude the reading of clause three was in error under the facts of this case and we reverse.
*566 Appellant initially contends that the trial judge reversibly erred when it charged the jury on excusable homicide. In the Smith case, the supreme court recently recognized that the long-form standard jury instruction on excusable homicide could be misleading:
The long-form instruction is quite clear if only subhead 3 is deemed to be applicable because a killing resulting from sudden combat cannot be excusable homicide if a dangerous weapon is used. However, if subheads 1, or 2, or both are read together with subhead 3, a jury could understand the words in subhead 3, which read "[h]owever, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable," also to refer to the description contained in subheads 1 and 2.

Id. at 312 (emphasis added). The Smith court then set forth an amended version of the long-form instruction.
The instant trial took place while the Smith case was pending before the Florida supreme court. At the charge conference, defense counsel, relying on this court's decision in Schuck v. State, 556 So.2d 1163 (Fla. 4th DCA 1990), decision quashed, 573 So.2d 335 (Fla. 1991), maintained that the short-form instruction on excusable homicide was misleading and should not be used. Relying on Smith v. State, 539 So.2d 514 (Fla. 2d DCA 1989), and Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988), defense counsel also asserted that the reference to a "dangerous weapon" in clause three of the long form (discussing "sudden combat") was misleading because the jury could infer that a homicide is never excusable if a firearm is used. When defense counsel asserted that failure to give the long-form instruction was reversible error, the trial judge stated that he wanted to give the long form. Defense counsel then responded that he was asking for both the long and the short form because "the short form in the original is confusing." However, defense counsel did maintain that he wanted the last sentence of the short form deleted. The prosecutor agreed.
Shortly after, the trial judge acknowledged that he was required to read the long-form instruction contemporaneously with the instruction on manslaughter. The following exchange occurred:
DEFENSE COUNSEL: I think you have to take out, based upon [Schuck], that portion dealing with the firearm because of the presumption that's created in the long form. I mean the short form.
PROSECUTOR: I think the short form is misleading.
DEFENSE COUNSEL: And that in the long form you take out paragraph three.

THE COURT: If you want me to. I have no objection to leaving out the short form altogether and reading the long form both times. I'll read it twice.
DEFENSE COUNSEL: That's fine.
[THE COURT]: That's fine. Does that satisfy everybody?
PROSECUTOR: Yes.
THE COURT: Great.
DEFENSE COUNSEL: So you will read the long form both times?
THE COURT: Twice. Are you happy?
DEFENSE COUNSEL: Yes.
THE COURT: Okay, no problem. So I'll read the long form on page 76 in my book... .
(Emphasis added.)
In formally charging the jury, the trial judge did give the entire long-form excusable homicide instruction, including clause three (the "sudden combat" instruction), on two separate occasions  before any of the homicide instructions and after the manslaughter instruction. After the trial judge dismissed the jury for the day, defense counsel objected to the instructions because the trial judge had included clause three of the long form. Defense counsel asserted that according to the Kingery case, clause three raises a presumption that a homicide can never be excusable if a dangerous weapon is used. When defense counsel reminded the trial judge that he had agreed not to include clause three, the trial judge denied ever doing so and maintained that when he read the instruction to *567 the jury, he "broke it down," thereby clearly conveying that the reference to a dangerous weapon only applied to the sudden combat portion.
Based upon a question received from the jury with regard to the definitions of second degree murder with a firearm and manslaughter with a firearm, the trial judge decided to re-instruct the jury on those offenses, including the applicable defense of excusable homicide. Defense counsel once again objected to including clause three of the long-form instruction. The prosecutor maintained that although the short form was misleading, the third paragraph of the long form could be reworded so as not to be misleading. The trial judge stated that the "third portion should be given but [the jurors] should be made sure they understand the dangerous weapon only applied with the third portion." On re-instruction, the trial judge once again read the entire long-form excusable homicide instruction, including clause three. Before the jury retired to deliberate, the trial judge asked the attorneys "if everything was okay." Defense counsel failed to renew his objection to the long-form instruction at this time.
The state initially contends that the record demonstrates that defense counsel agreed to the long-form instruction; therefore the issue is not preserved for appeal. Defense counsel specifically asked the trial judge to omit the third paragraph of the long-form instruction on two separate occasions  at the initial charge conference and before the jury was re-instructed. Further, the record reveals that the trial judge seemingly agreed to omit the sudden combat instruction at the charge conference, although the trial judge later could not remember doing so. Consequently, the record does not support the state's assertion that appellant waived any objection to the long-form excusable homicide instruction.
Assuming, arguendo, that the issue was not waived, the state contends that the instruction given was not misleading because the trial judge broke the instruction down so that the dangerous weapon exclusion only applied to sudden combat. However, the trial judge did in fact track the language contained within the pre-amended version of the standard jury instructions. Pursuant to Kingery, and Radillo v. State, 582 So.2d 634 (Fla. 3d DCA), rev. denied, 583 So.2d 1037 (Fla. 1991), we believe the trial judge committed reversible error. The Kingery court reversed the defendant's conviction and remanded for a new trial because "there [was] a reasonable possibility that the error affected the verdict." Id. at 1207 (citing State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986)). We believe the same possibility exists in the case at bar. In Radillo, the court took the Kingery reasoning one step further. The court held that the sudden combat instruction plainly is foreclosed, by its own terms, whenever a dangerous weapon is used:

[I]f the "sudden combat" portion of the statute is unavailable to the defendant because a dangerous weapon was used, then the defense request to delete that portion of the instruction must be granted. Since the "sudden combat" clause is inapplicable to this defendant, giving that portion of the instruction merely provides a straw man for the State to attack.
Radillo, 582 So.2d at 637 (emphasis added). In Radillo, the trial judge only charged the jury with the short-form excusable homicide instruction. However, in dicta, the court reasoned that even if the long-form instruction had been offered to the trial judge, that form specifically directs the trial judge to "give [clauses] 1, 2, or 3 as applicable." Id. Therefore, because the sudden combat clause was not applicable to the defendant, the trial judge would have been obligated to delete clause three. Id. at 637-38. "In other words, whether the trial court used the short form or the long form, it was required to delete the `sudden combat' clause." Id. at 638.
In the instant case, defense counsel asked the trial judge to delete the third clause of the long-form excusable homicide instruction. Although the trial judge initially agreed to do so, he later instructed the jury using the precise language that *568 the Smith court found misleading. According to Kingery and Radillo, the trial judge was obligated to grant defense counsel's request not only because the instruction could give rise to an incorrect presumption, but also because clause three was not applicable to the facts of the instant case. Initially, the instant facts clearly demonstrate that there was no sudden combat. As in Kingery, the evidence conclusively established a number of previous confrontations between appellant and the victim, one of which occurred on the day of the shooting. Secondly, as the Radillo court reasoned, the sudden combat instruction simply is not applicable if the evidence is uncontroverted that the defendant used a dangerous weapon. Because the standard jury instructions instruct the trial judge to give clauses one, two, or three as applicable to the facts of the case, the trial judge in the instant case erred when he refused defense counsel's request.
REVERSED AND REMANDED FOR A NEW TRIAL.
LETTS, DELL and POLEN, JJ., concur.