PER CURIAM.
Thomas Gillen raises four points on appeal from his conviction for second degree *376 murder. We affirm his conviction but find one contention worthy of comment.
As a part of the homicide jury instructions the trial court gave the “long form” standard jury instruction on excusable homicide. That instruction provides as follows:
The killing of a human being is excusable, and therefore lawful, if committed by accident and misfortune.
In order to find the killing was committed by accident and misfortune, you must find the defendant was:
Give 1, 2 or 3 as applicable
1. a. doing a lawful act by lawful means and with usual care and
b. acting without any unlawful intent.
2. in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection.
3. engaged in sudden combat. However, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable.
Definition
A “dangerous weapon” is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
At trial, Gillen’s attorney objected to sub-part 3 on the ground that there was no evidence of sudden combat. Gillen’s defense at trial was that the discharge of the weapon was an accident. Because a homicide resulting from the use of a dangerous weapon is excusable when committed by accident, Gillen contends that subpart 3 mislead the jury.
We find the long form instruction not materially misleading. Bowes v. State, 500 So.2d 290 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1043 (Fla.1987), relied upon by Gillen before the trial court, focused on the short form excusable homicide instruction. The defect found in the short form instruction arose from the dangerous weapon exception which appeared to the Bowes majority to apply to any excusable homicide, not just the limited circumstances of sudden combat, the context in which it was intended to apply. The long form excusable homicide instruction, however, appears to confine the dangerous weapon exception to the sudden combat setting.
We recognize that in State v. Smith, 573 So.2d 306 (Fla.1990), the Florida Supreme Court indicated that “the long form standard jury instruction on excusable homicide also may mislead.” See also, Spector v. State, 593 So.2d 565 (Fla. 4th DCA 1992); Jones v. State, 591 So.2d 1023 (Fla. 3d DCA 1991); Radillo v. State, 582 So.2d 634 (Fla. 3d DCA 1991), rev. denied, 583 So.2d 1037 (Fla.1991). Smith, however, was concerned with the short form excusable homicide instruction and did not hold that giving the long form instruction was reversible error. Although the supreme court in Smith did modify the long form instruction, such modification does not alter the conclusion we reach. We emphasize that the pre-Smith long form instruction, given here, stated that “if a dangerous weapon was used in the combat ... the killing is not excusable.”
The related argument, urged in the trial court, was that even if the long form instruction is accurate, it was reversible error to give subpart 3 because sudden combat was not an aspect of the events leading to the homicide. In our view, it was not reversible error to give the entire instruction notwithstanding that portions of it were surplusage. It is evident from the evidence at trial and closing arguments of counsel, together with all of the instructions given, that the jury was not mislead. The prosecutor’s entire argument was that the shooting was not accidental and Gil-len’s attorney called particular attention to the fact that the dangerous weapon exception only applied to sudden combat. Thus, contrary to the results reached in Spector and Jones, we conclude that the instruction *377 did not produce a risk of confusion requiring a new trial.
Affirmed.
FRANK, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.