621 So.2d 493 (1993)
Jesus VENTO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0705.
District Court of Appeal of Florida, Fourth District.
June 30, 1993.
*494 Michael D. Gelety, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal by Jesus Vento from a trial court order which summarily denied his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Appellant was convicted of attempted second degree murder and sentenced to fifteen years in prison with a mandatory minimum of three years. He raised some five points on direct appeal: (1) whether the jury instruction on reasonable doubt violated due process or was erroneous as given; (2) whether the trial court erred in ordering appellant to repeat threats to the *495 victim in open court in a voice identification procedure; (3) whether the trial court erred in instructing the jury on accidental killing in sudden combat situations; (4) whether the trial court erred in admitting testimony identifying appellant as a gang member; and (5) whether there was prosecutorial misconduct in the closing argument. This court per curiam affirmed in Vento v. State, 605 So.2d 86 (Fla. 4th DCA 1992).
Appellant Vento filed a motion for new trial, which actually was a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the trial court on October 20, 1992. In it, he raised what we find to be fifteen grounds of ineffective assistance of counsel. The state filed a response to this motion for post-conviction relief, in which it challenged the legal sufficiency of the claims of ineffectiveness and argued that several of appellant's claims already had been raised and rejected on direct appeal to this court. The state attached portions of the trial court record and briefs from appellant's direct appeal. In an order dated February 10, 1993, the trial court summarily denied post-conviction relief based on the state's response, which it attached. That prompted the instant appeal.
Appellant's first three claims of ineffective assistance of counsel are interrelated. He claims that trial counsel failed to object to the in-court identification procedure used at the motion to revoke bond, and failed to suggest an identification procedure which would have been less prejudicial to him. He next alleges ineffectiveness because his trial defense counsel did not file a motion in limine prior to trial questioning the subsequent use of this evidence, or object to its introduction at trial. Also, he claims that counsel failed to challenge the actual connection if any between the allegedly threatening phone calls and appellant. He cites to portions of the trial transcript where he states that the alleged receiver of the telephone call, Scott Niehoff, (victim of the offense), was uncertain whether the caller was appellant or one of his friends, and said that the caller did not identify himself as "Jessie" but rather referred to a Jesus. Appellant said that he never used his legal name, Jesus.
At the bond revocation hearing, appellant was required to read out loud the threats he allegedly made to Scott Niehoff over the telephone. Taking judicial notice of this court's file in that direct appeal, it is apparent that appellant Vento did not object when the state introduced evidence at trial that Niehoff had identified appellant based on his voice as the individual who made threatening telephone calls to him. Failure to object was deemed to be a waiver of the point on direct appeal. That does not bar a subsequent, collateral challenge based on a claim of ineffective assistance of trial counsel, however.
The question then becomes one of whether trial counsel's failure to object on these three interrelated grounds was a deficiency from the professional norm which prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In our view, appellant has established ineffectiveness on these three grounds. He alleges that the testimony regarding threats allegedly made by telephone to Scott Niehoff "had a devastating effect before the jury," refuting any defense claim that the subject shooting was accidental or in self-defense. The state's argument that these points were raised on appeal and are being relitigated is fallacious, since the points were raised but rejected on appeal for failure of counsel to preserve them by objection below.
Appellant's fourth claim is that his counsel was ineffective for failure to object to the state's questioning during voir dire. He quoted the prosecutor as telling the jury that voir dire is intended to "tug" the jury in one direction or another, and that he gave a definition of reasonable doubt, stating that even if the proof is not one hundred percent, the jury could still convict. He said that the prosecutor also gave an inaccurate explanation of circumstantial evidence, and then advised jurors to hold out and "stick to your position" against other jurors who may want to vote not guilty. Defense counsel did not object to any of this.
*496 As to this point, the state again argues that the point was proper for appeal and not by motion for post-conviction relief. However, it was not preserved for appeal, and that entitles appellant to claim ineffectiveness if he makes the other requisite showings. Next the state argues that how trial counsel conducts voir dire is subjective and is not a basis for a claim of ineffective assistance of counsel, citing Meeks v. State, 418 So.2d 987 (Fla. 1982), cert. denied, 459 U.S. 1155, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983). There, the defendant claimed that his trial counsel had failed to ask for additional peremptory challenges and that he conducted a short voir dire session. Those claims failed to establish a claim of ineffectiveness. That is not comparable to the case here though, where it was not trial counsel's handling of voir dire at issue, but rather counsel's failure to object to what the prosecutor said during voir dire that was claimed to constitute ineffectiveness. This point is legally sufficient and the trial court erred in summarily denying it.
A fifth point of ineffectiveness of counsel is appellant's claim that trial counsel failed to object to or file a motion in limine to bar the state from telling the jury during opening statement that appellant had telephoned the victim of the offenses two times after the incident and threatened him if the victim testified. This claim is based on earlier claims one through three, and is legally sufficient for the same reasons that the earlier claims are.
The sixth claim is that trial counsel was ineffective in failing to preserve for appeal the issue of improper identification procedure in which appellant was identified as the maker of the threatening phone calls. This time appellant focuses on counsel's failure to object to the testimony elicited from Scott Niehoff and his identification of appellant's voice at the bond hearing. For the same reasons that grounds one through three are legally sufficient and were improperly denied, the trial court erred in summarily denying relief as to this claim too.
Appellant's seventh claim is that trial counsel rendered ineffective assistance when he elicited testimony from victim Scott Niehoff and his brother Anthony Niehoff that appellant was in a gang and had a lot of (gang) friends, and that Anthony Niehoff did not plan to testify against appellant until he heard about the threatening telephone calls. The testimony elicited, that appellant was a gang member and associated with other gang members as friends, could have prejudiced his defense, to be sure. This claim was legally sufficient.
For his eighth claim, appellant refers to counsel's failure to persist with his motion for mistrial (he withdrew it) or to interview the jury panel after one juror recognized some people in the courtroom. This claim is legally insufficient. He doesn't provide any further detail supporting it. Also, the state contends that this particular juror was replaced with an alternate juror. Appellant acknowledges that his counsel agreed to the court's suggestion that the jury be collectively questioned during this incident, to prevent further tainting of the jury. Appellant has failed to provide sufficient facts and to otherwise demonstrate that this claim of ineffectiveness is legally sufficient.
In his ninth claim, appellant alleged that trial counsel mishandled pretrial preparation and made a premature demand for speedy trial. He doesn't explain the speedy trial point at all. Appellant referred to a circumstance in which a key prosecution witness, Frank Taylor, was presented on the day of trial. Defense counsel objected and argued discovery violations. The court conducted a Richardson hearing and allowed trial counsel to depose Taylor prior to a one-day continuation of trial. Thus, appellant has failed to demonstrate how any deficiencies of counsel prejudiced his case.
For his tenth claim, appellant argued that his defense counsel was deficient in allowing the state to impeach its own witness, Kevin Gillis, who testified at trial that he did not see appellant with a gun, but who earlier had told police in a statement that he had seen appellant with a *497 gun. Also, he claims that counsel should have objected to testimony that appellant had remained silent after the shooting. This is followed by a claim that the state used this improperly elicited evidence during closing, stating that Gillis knew who shot the victim and that appellant's friends had initially named him as the shooter. Appellant claims that no objections were made to those statements during closing. However, he fails to provide adequate factual or legal support for this claim. He has not shown that the state lacked the right to impeach its own witness or that the state attorney had no right to make the statements he did during closing. Neither has he shown how any of this resulted in prejudice affecting the outcome of his case.
In his eleventh claim, appellant argues that his trial counsel failed to successfully impeach Anthony Niehoff based on pending charges against Niehoff, but he offers no further explanation of what charges were pending, or how that could have been the proper basis of impeachment. Appellant also states that no motion for jury instruction or mistrial was made after Niehoff was allowed to testify that he was told that appellant was with a gang and that the gang would take revenge on him if he pursued prosecution. However, appellant's own background statements suggest that this was elicited to explain his motivation for coming forward as a witness in the case. It may have been permissible. Furthermore, this latter claim appears to be regurgitation of the seventh claim. It offers nothing new.
The twelfth point of ineffectiveness is based on defense counsel allowing the state to elicit the testimony of Frances Niehoff, the victim's mother, who said, without defense objection, that her son Scott was shot by a gang of kids. However, appellant has not demonstrated that counsel's failure to object or move for mistrial on this ground was a deficiency prejudicing his defense.
The thirteenth point of ineffectiveness of trial counsel is based on counsel's failure to object to the jury instruction on sudden combat as an aspect of the entire charge on excusable homicide. This is a restatement of one of the many arguments appellant already has raised and which was rejected on direct appeal.
In Spector v. State, 593 So.2d 565 (Fla. 4th DCA 1992), the court acknowledged that the sudden combat instruction is not applicable if the evidence is uncontroverted that the defendant had used a dangerous weapon. Id. at 568. Here, that was not the case. The evidence was controverted. As such, appellant has failed to demonstrate ineffectiveness of counsel for failure to object to inclusion of that instruction.
The fourteenth point of ineffectiveness is based on closing argument by the state, in which trial counsel failed to object to the prosecutor's reference to the alleged telephone threats by appellant, that appellant was associated with a gang, and to the voice identification procedure conducted at trial. He also challenges the state's reference in closing argument to the law on the use of deadly force. However, appellant does not demonstrate that the closing statement was anything more than a summary of the evidence elicited, and his claim here otherwise duplicates arguments previously made.
The fifteenth point is that counsel rendered ineffective assistance in filing what appellant calls a "perfunctory motion for new trial," and in failing to properly argue for release on appellate bond. He claims that once the request for release was properly argued, it was granted and he was released pending his direct appeal. He claims that he spent several months in jail unnecessarily due to counsel's failures here. However, he offers no factual explanation for either of these claims, and thus fails to establish a deficiency of trial counsel which prejudiced his defense.
We reverse as to grounds one through seven, for an evidentiary hearing or attachment of portions of the record demonstrating that appellant is not entitled to relief. We affirm as to all other grounds rejected in the trial court's order.
*498 GLICKSTEIN, C.J., and POLEN, J., and WALDEN, JAMES H., Senior Judge, concur.