820 So.2d 1003 (2002)
Oscar MASSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-210.
District Court of Appeal of Florida, Fourth District.
June 26, 2002.
*1004 Oscar Massey, Daytona Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Oscar Massey, Appellant, challenges an order denying his motion to correct illegal sentence and motion for post-conviction relief, filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850, respectively. We affirm the portion of the order denying Appellant's rule 3.800(a) motion without discussion. With regard to the rule 3.850 motion, we affirm in part, reverse in part, and remand.
All of Appellant's rule 3.850 claims involve allegations of ineffective assistance of counsel. Only three of those claims warrant reversal. First, Appellant claims that his attorney failed to move to suppress his confession, which he alleged was induced by trickery. We find this claim to be legally sufficient. See Burch v. State, 343 So.2d 831 (Fla.1977); State v. Cayward, 552 So.2d 971 (Fla. 2d DCA 1989).
Next, the Appellant asserts that his attorney did not move to suppress evidence seized as the result of an illegal arrest. He alleged that the officers kicked down the door of the residence where he was staying. This claim is also legally sufficient. See State v. Roman, 309 So.2d 12 (Fla. 4th DCA 1975) (affirming trial court's order granting motion to suppress evidence based on officer's failure to comply with knock and announce statute). Further, Appellant's designation of the residence as the "Donaldson residence" doesn't demonstrate that he lacked standing to file a motion to suppress. See State v. Brown, 575 So.2d 763 (Fla. 4th DCA 1991).
Finally, Appellant alleges that his attorney failed to move for a mistrial following a witness's testimony that revealed that Appellant had been in jail. This claim is legally sufficient. Cf. Vento v. State, 621 So.2d 493 (Fla. 4th DCA 1993); Johnson v. State, 611 So.2d 88 (Fla. 2d DCA 1992), rev. denied, 621 So.2d 432 (Fla.1993).
As three of Appellant's claims are legally sufficient, and the record attachments do not conclusively refute the claims, we reverse and remand. Upon remand, if the trial court denies the motion, it shall attach record portions which conclusively refute the allegations. If the court is not able to do so, it shall hold an evidentiary hearing. We affirm the denial of relief as to the balance of Appellant's rule 3.850 motion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER, WARNER and GROSS, JJ., concur.