852 So.2d 877 (2003)
STATE of Florida, Appellant,
v.
Dayle THOMPSON, Appellee.
No. 2D02-2370.
District Court of Appeal of Florida, Second District.
August 1, 2003.
*878 Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Andrea Norgard, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
The State charged Dayle Thompson with possession of cocaine with the intent to sell or deliver. The cocaine was seized inside an apartment when police officers entered it to detain another man they believed was a wanted felon. Thompson moved to suppress the drugs, contending that the officers who discovered them had failed to comply with the "knock and announce" requirement of section 901.19(1), Florida Statutes (2000), and that no exigent circumstances supported the officers' unauthorized entry into the home. The circuit court suppressed the evidence on those grounds. We agree with the court's conclusion that the officers' entry into the home and seizure of the drugs were illegal. But we reverse the suppression order and remand for further proceedings to make an additional determination that is necessary to the resolution of this matter.
At the suppression hearing the State objected that Thompson, a visitor to the apartment, did not have standing to contest the search and seizure. The circuit court immediately overruled the State's objection, but then said it would take evidence on the issue. Thompson's counsel responded that "he has standing ... because he's here for trial because they are attributing this cocaine to him in a criminal case." At that point, the court again overruled the State's objection.
When the State questions the defendant's standing to challenge a search and seizure, the defendant must prove that he had a reasonable expectation of privacy in the premises searched. Rakas v. Illinois, 439 U.S. 128, 152, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Suco, 521 So.2d 1100, 1102 (Fla.1988). The circuit court's determination of standing must be supported by record evidence, not just counsel's assertions. State v. Gibson, 670 So.2d 1006, 1008 n. 1 (Fla. 2d DCA 1996). This is because argument of counsel is not evidence. DiSarrio v. Mills, 711 So.2d 1355, 1357 (Fla. 2d DCA 1998). Even if it were, the test for standing is not whether the defendant might go to prison, but whether he had a reasonable expectation of privacy in the premises searched. See State v. Brown, 575 So.2d 763, 764 (Fla. 4th DCA 1991). Numerous cases analyze what must be shown for a guest to have the requisite expectation of privacy to challenge a search of a premises he is visiting. See, e.g., Suco, 521 So.2d at 1102-03; McCauley v. State, 842 So.2d 897, 900 (Fla. 2d DCA 2003); State v. Mallory, 409 So.2d 1222, 1223-24 (Fla. 2d DCA 1982).
*879 Here, there was no evidence on which the circuit court could determine whether Thompson had standing or not. We cannot fault Thompson for failing to meet his burden of proof on this issue because the court overruled the State's objection before he had an opportunity to present sworn testimony. Accordingly, we reverse and remand for a new suppression hearing on the issue of standing only. If the circuit court determines that Thompson has standing, it shall grant his motion to suppress based on the fact that the search and seizure were otherwise illegal.
ALTENBERND, C.J., and STRINGER, J., Concur.